**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00765-REB-KMT

EDWARD K. QUICK,

    Plaintiff,

v.

FRONTIER AIRLINES INC. and MICHELE ZEIER, an individual,

    Defendants.

## DEFENDANTS' ANSWER TO COMPLAINT AND JURY DEMAND

Defendants Frontier Airlines Inc. and Michele Zeier, by and through their attorneys, Holland & Hart LLP, for their Answer to Plaintiff Edward K. Quick's ("Quick") Complaint and Jury demand in the above-captioned matter, hereby admit, deny and state as follows:

### GENERAL ALLEGATIONS

1. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 1 of the Complaint and, therefore, deny the same.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit that Frontier is a statutory employer. Defendants deny that Ms. Zeier is a statutory employer.

### JURISDICTION AND VENUE

5. Defendants admit that jurisdiction is proper in this Court.

6. Defendants admit that venue is proper in this Court.

## CLAIMS FOR RELIEF

7. Defendants admit the allegations of paragraph 7 of the Complaint.

8. Defendants admit that all military records provided to them by Quick reflect honorable military service. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore deny them.

9. Paragraph 9 contains a legal conclusion to which no response is required. To the extent the Court requires a response, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore deny them.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit the allegations of paragraph 11 of the Complaint.

12. Defendants admit that the allegations of paragraph 12 of the Complaint.

13. Defendants admit that Frontier is aware that Quick was a member of the Uniformed Services. Defendants lack knowledge and information sufficient to form a belief as to whether this is or was true at all "relevant times, and therefore deny the same.

14. Defendants admit that Quick provided Frontier with military orders documents on June 18, 2007 for the dates stated on those orders, requested leave, and that said orders included a USERRA notice.

15. Defendants admit that Quick left work at Frontier on June 19, 2007 with the

-3-

stated purpose of performing military obligations. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore deny them.

16.     Defendants admit that Quick provided Frontier with military orders on September 27, 2007 for the dates stated on those orders, requested leave, and that said orders included a USERRA notice.

17.     Defendants admit that some of the military orders documentation provided to Frontier by Quick after his request for reinstatement in 2014 indicate deployment to Iraq.

18.     Defendants admit that upon Frontier's lawful request after Quick requested reinstatement in 2014, Quick provided military orders for the dates stated in paragraph 18. Defendants lack information sufficient form a belief as to whether these orders were also provided to Frontier on November 8, 2007, and therefore deny the same.

   19. Defendants admit that upon Frontier's lawful request after Quick requested reinstatement in 2014, Quick provided orders to Defendants for some or all dates within the period stated in paragraph 19.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore deny them.

20.     In response to paragraph 20 of the Complaint, Defendants state that paragraph 20 contains terms that are not defined and whose meaning is not clear and precise; Defendants therefore cannot admit the allegations and must deny them.

21.     Defendants admit that Quick communicated with Mr. Thibodeau, Chief Pilot, at

Frontier on or about September 24, 2014 regarding returning to work. Defendants also admit that on or about that day Quick also emailed Mr. Thibodeau stating he wished to "report" for work the next day. Defendants deny all remaining allegations of Paragraph 21.

22.     Defendants admit that Mr. Thibodeau responded to Quick's communication by email on or about the same day they were received, indicating that Frontier would begin the return to work process immediately, and requesting, per applicable law, copies of Quick's military orders proving that his request for reinstatement was timely and the character of his service was not disqualifying.  Defendants admit that Quick was informed that in order to facilitate his return to at his former position of pilot and First Officer he would need to provide proof of continued FAA medical qualifications, pass a drug screening, and also attend an employee orientation given his extended time away.  Defendants admit that Mr. Quick was informed that there was no need to actually report for work until his medical qualifications to fly could be ascertained, and that he could mail or email the documents requested.  Defendants deny that Quick was told to provide FAA medical information and a drug screen "before Mr. Quick was eligible for reemployment" and deny all remaining allegations of paragraph 22.

23.     Paragraph 23 contains a legal conclusion regarding the "reemploy" of Quick, to which no response is required.  Defendants otherwise admit that on September 25, 2014 Quick emailed military records to Mr. Thibodeau and cited certain provisions of USERRA, as well as disclosed that he had an unspecified disability which prevented him from obtaining FAA medical qualifications to fly.  Defendants deny all remaining allegations of paragraph 23.

24.     Defendants admit that it began the return to work process for Mr. Quick on

or about September 24, 2014, but that he had not yet been returned to active employment status because Frontier had only learned on Thursday, September 25, 2014 that Quick believed he could not medically qualify to return to his former position as a pilot per FAA regulations. Frontier denies all remaining allegations of paragraph 24.

25. Defendants admit that on October 1, 2014, Ms. Zeier and Quick exchanged emails, which emails speak for themselves, and deny all remaining allegations of paragraph 25 of the Complaint.

26. Defendants admit that Ms. Zeier met with Mr. Quick on October 7, 2014. Defendants admit there was discussion about Quick's desire to file a long term disability claim ("LTD") with Frontier's carrier, his benefits per USERRA, his desire to be reemployed as a Captain, and that he realized Frontier would "need more time" to sort out all these issues. Defendants deny all remaining allegations of paragraph 26.

27. Defendants admit that on October 15, 2014 Quick emailed military records documents to Ms. Zeier, including a Form DD-214 dated October 29, 2010.

28. Defendants admit that on October 30, 2014 Quick emailed to Ms. Zeier copies of additional military records. Defendants lack knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28, and therefore deny them.

29. Defendants admit that as of October 31, 2014 Quick was still undergoing the reinstatement process to return to active employment status, and that he had acknowledged that more time would be needed as the parties worked to resolve various issues. Defendants deny all remaining allegations of paragraph 29.

30. Defendants admit that on November 12, 2014, Ms. Zeier emailed Quick stating

that an HR specialist would call him regarding return to active status paperwork, and that Ms. Zeier would also follow up with him regarding "other return detail." Defendants deny all remaining allegations of paragraph 30.

31.     Defendants admit that Quick was required to take a post-leave drug test for which he was not paid, identical to all employees returning from extended leave. Defendants deny all other allegations of paragraph 31.

32.     Defendants admit that as of November 30, 2014, Quick was still undergoing the reinstatement process to return to active employment status, and that he had acknowledged that more time would be needed as the parties worked to resolve various issues. Defendants deny all remaining allegations in paragraph 32.

33.     Defendants admit the allegations of paragraph 33 of the Complaint.

34.     Defendants admit that on December 11, 2014, Ms. Zeier emailed Quick to say she was "confused" given his conflicting requests to Frontier regarding filing an LTD claim and going on a related leave of absence, but then ignoring the application for LTD he was sent on December 10, 2014, and asking instead when he should "report" to work. Defendants also admit that Quick then responded with an email as quoted in paragraph 34. Defendants deny all remaining allegations in paragraph 34.

35.     Defendants admit that on December 12, 2014 Quick emailed Ms. Zeier stating "I am willing to wait if needed for Frontier to give me a start date due to the logistics of my return and the Holidays if needed. The 15th was just to let you know I am ready when you are." Defendants deny all remaining allegations in paragraph 35.

36.     Defendants admit that on December 23, 2014, Ms. Zeier directed Quick to attend

a "New/Return from extended LOA Employee Orientation" on January 5th, 2015. Defendants deny all remaining allegations in paragraph 36.

37.     Defendants admit that as of December 31, 2014, Quick was still undergoing the reinstatement process for return to active employment status, and that he had acknowledged that more time would be needed as the parties worked to resolve various issues, including in his December 12, 2014 email when he acknowledged the "logistics of my return" and stated "I am ready when you are."  Defendants deny all remaining allegations in paragraph 37.

38.     Defendants admit that Quick attended an orientation but deny that the same was "unpaid."

39.     Defendants admit the allegations of paragraph 39 of the Complaint.

40.     Defendants deny that Frontier's reinstatement of Quick to employment was not compliant with USERRA.  Defendants admit that on January 26, 2015 at 11:51am Quick sent an email to Ms. Zeier, which email speaks for itself.  Defendants also admit that Ms. Zeier responded by email on the same day at 12:06pm, which email speaks for itself.  Defendants deny all remaining allegations in paragraph 40.

41.     Defendants admit that Quick was reinstated to First Officer pay in compliance with the "escalator principle" and applicable provisions of the applicable pilot collective bargaining agreement.  Defendants also admit that Quick sent another email to Ms. Zeier on January 26, 2015 at 1:12pm which email speaks for itself.  Defendants also admit that Ms. Zeier sent another email to Quick on January 26, 2015 at 1:24pm which email speaks for itself.  Defendants also admit that Quick sent another email to Ms. Zeier on January 26, 2015 at 1:46pm which email speaks for itself.  Defendants deny all remaining allegations in paragraph 41.

42. Defendants admit that on January 27, 2015 Ms. Zeier responded to Quick by email and referred to a 30-day waiting period for benefit eligibility. This information was corrected the next day, as no waiting period applied. Defendants also admit that Ms. Zeier reiterated to Quick the process for applying for a leave of absence given that he was now reinstated as a First Officer but had stated he was unable to perform his position. Defendants admit that Jacalyn Peter is Director of Human Resources and Labor Relations for Frontier and may have relevant knowledge regarding the defense of Quick's claims. Defendants deny that its defense counsel, Brian Mumaugh, communicated directly with Quick regarding his current claims, and deny that he is a necessary witness of any kind. Defendants admit Quick sent an email to Ms. Zeier on January 27, 2015 which email speaks for itself. Defendants deny all remaining allegations of paragraph 42.

43. Defendants admit that Ms. Zeier clarified the lack of a benefit waiting period by email to Quick on January 28, 2015, and reiterating to Quick that he had not provided paperwork which he had been repeatedly asked to provide in connection with his reinstatement process. Defendants admit that Ms. Zeier provided contact information for Frontier's counsel only in connection with Quick's request that someone representing Frontier speak with the Quick's apparent contacts at the U.S. Department of Labor, and deny that Mr. Mumaugh's contact information was provided for any other purposes. Defendants deny all remaining allegations of paragraph 43.

44. Defendants admit that a corrected phone contact for Mr. Mumaugh was sent to Quick in regard to the purposes stated in response to paragraph 43, above, and for no other purposes.

45.     Defendants admit that on January 30, 2015, Quick emailed Ms. Zeier, which email speaks for itself.  Defendants deny all remaining allegations of paragraph 45.

46.     Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Defendants admit Ms. Zeier sent an email to Quick on February 9, 2015, which email speaks for itself. Defendants deny all remaining allegations of paragraph 47.

48.     Defendants admit that on February 11, 2015 Quick sent an email to Ms. Zeier, which email speaks for itself.  Defendants deny all remaining allegations of paragraph 48.

49.     Defendants deny the allegations of paragraph 49 of the Complaint.

50.     Defendants admit that Quick was paid for his attendance at an orientation on January 5, 2015, and that Quick was otherwise unable to work as a First Officer.  Defendants deny all remaining allegations of paragraph 50.

51.      Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Defendants admit that pilots at Frontier are eligible for various seniority and non-seniority based benefits per Company policy and applicable collective bargaining agreements. Defendants deny all remaining allegations of paragraph 52.

53.     Defendants admit that Quick gave notice asking to be reinstated to employment at Frontier but also indicated he could not return to his former position as a pilot and that he wanted to file an LTD claim.  Defendants also admit that Quick requested reinstatement of benefits and retirement contributions, and otherwise referred to USERRA.  Defendants deny all remaining allegations of paragraph 53.

54.     Defendants admit the allegations of paragraph 54 of the Complaint.

55.     Defendants admit the allegations of paragraph 55 of the Complaint.

56. Defendants admit that Frontier complies with USERRA, but otherwise states that paragraph 56 contains legal conclusions to which no response is required.

57. Defendants deny the allegations of paragraph 57 of the Complaint.

58. Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants deny the allegations of paragraph 59 of the Complaint.

## CAUSES OF ACTION

60. Defendants deny the allegations of paragraph 60 of the Complaint.

### (CAUSE OF ACTION NO. 1, DISCRIMINATION 38 U.S.C. § 4311(a))

61. In response to paragraph 61, Defendants incorporate paragraphs 1-60 above as if fully set forth herein.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants deny the allegations of paragraph 63 of the Complaint.

### (CAUSE OF ACTION NO. 2, DISCRIMINATION/RETALIATION 38 U.S.C. § 4311(c))

64. In response to paragraph 64, Defendants incorporate paragraphs 1-63 above as if fully set forth herein.

65. Defendants deny the allegations of paragraph 65 of the Complaint.

66. Defendants deny the allegations of paragraph 66 of the Complaint.

### (CAUSE OF ACTION NO. 3, VIOLATION OF 38 U.S.C. §§ 4312 & 4313)

67. In response to paragraph 67, Defendants incorporate paragraphs 1-66 above as if fully set fort here herein.

68. Defendants deny the allegations of paragraph 68 of the Complaint, including all subparts.

### (CAUSE OF ACTION NO. 4 – VIOLATION OF 38 U.S.C. § 4316)

69. In response to paragraph 69, Defendants incorporate paragraphs 1-68 above as if fully set forth herein.

70. Defendants deny the allegations of paragraph 70 of the Complaint.

71. Defendants deny the allegations of paragraph 71 of the Complaint.

### (CAUSE OF ACTION NO. 6  *[SIC]* – VIOLATION OF USERRA 38 U.S.C. § 4318)

72. In response to paragraph 72, Defendants incorporate paragraphs 1-71 above as if fully set forth herein.

73. Paragraph 73 of the Complaint contains a legal conclusion to which no response is required.

74. Paragraph 74 of the Complaint contains a legal conclusion to which no response is required.

75. Defendants deny the allegations of paragraph 75 of the Complaint.

### (CAUSE OF ACTION NO. 7, WILLFUL VIOLATIONS – 38 U.S.C. § 4323)

76. In response to paragraph 76, Defendants incorporate paragraphs 1-75 above as if fully set forth herein.

77. Defendants deny the allegations of paragraph 77 of the Complaint.

### ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

Defendants deny that Quick is entitled to any of the relief sought as alleged in the Complaint and Quick's Request for Relief, including but not limited to Defendants' denial of each and every element of damage prayed for in Paragraphs (A) through (C) of the Request for Relief.

## SEPARATE AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or claims upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's participation in the uniformed services was not a motivating factor in any decision taken by Defendants in response to Plaintiff's request for reinstatement under USERRA, and Defendants would have taken all relevant actions regardless of Plaintiff's participation in the Uniformed Services.

### THIRD DEFENSE

Plaintiff has failed to satisfy all statutory conditions precedent for protection under USERRA.

### FOURTH DEFENSE

Plaintiff's claims for damages may be denied or reduced because Plaintiff has failed to mitigate his damages.

### FIFTH DEFENSE

Plaintiff's claim for damages may be offset or barred, in whole or in part, by the receipt of collateral income.

### SIXTH DEFENSE

Plaintiff is not entitled to liquidated damages because Defendant's actions were not undertaken in disregard of Plaintiff's rights under USERRA.

## SEVENTH DEFENSE

Plaintiff's actions are barred by the doctrine of waiver, laches, estoppel, consent, acquiescence and ratification.

## EIGHTH DEFENSE

Plaintiff's right to reinstatement is barred by the provisions of 38 USC 4312(d)(1)(B).

WHEREFORE, having fully answered Quick's Complaint, Defendants seek judgment against Plaintiff and an order from this court as follows:

a. Dismissing Plaintiff's claims with prejudice;

b. Awarding Defendants' their attorneys' fees, costs, and expenses associated with this action; and

c. Awarding Defendants such other and further relief as this Court deems just and proper.

Dated this 28 day of May, 2015.

Respectfully submitted,

*s/William R. Dabney*
William R. Dabney
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone:  (303)295-8000
Facsimile:   (720) 235-0229
wrdabney@hollandhart.com

*s/Brian M. Mumaugh*
Brian M. Mumaugh
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, #500
Greenwood Village, CO  80111
Telephone:  (303) 290-1600
Facsimile:   (303) 713-6255
bmumaugh@hollandhart.com

*s/Bradford J. Williams*
Bradford J. Williams
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone:  (303)295-8000
Facsimile:   (720) 223-3271
bjwilliams@hollandhart.com

**ATTORNEYS FOR DEFENDANTS**

-14-

**CERTIFICATE OF SERVICE**

I hereby certify that on May  28,  2015, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

Thomas Gregory Jarrard, Esq.
Law Office of Thomas G. Jarrard
1020 North Washington Street
Spokane, WA  99201-2237
tjarrard@att.net

Matthew Zachary Crotty
Crotty & Son, PLLC
421 West Riverside Avenue
Suite 1005
Spokane, WA  99201
matt@crottyandson.com


          s/*William R. Dabney*
          William R. Dabney
          HOLLAND & HART LLP
          555 Seventeenth Street, Suite 3200
          Denver, Colorado  80202

7782547_1