IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00765-REB-KMT

EDWARD K. QUICK,

    Plaintiff,

v.

FRONTIER AIRLINES INC. and MICHELE ZEIER, an individual,

    Defendants.

## [PROPOSED] STIPULATED PROTECTIVE ORDER [REVISED]

The parties to this Stipulated Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    <u>Scope</u>.  All documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (collectively "documents"), shall be subject to this Order concerning confidential information as set forth below.   As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible.  The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  <u>Form and Timing of Designation</u>.  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents.  The designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

3.  <u>Documents Which May be Designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER</u>. Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial and/or proprietary information, including information that may affect any relevant third parties, that is not publicly available.  Public records and other information or documents that are publicly available may not be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER.

4.  <u>Depositions</u>.  Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such.  Such designation

shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, pending objection, under the terms of this Order.

5. Designation of a portion of a deposition as confidential shall be made within fourteen (14) days after receipt of the deposition transcript, by delivery to trial counsel in this case of a written notice of the designation, identifying the deposition and specifying by page and line the portions designated as confidential. Portions of depositions designated in accordance with this paragraph shall be subject to the same restrictions as portions contemporaneously designated in accordance with the preceding paragraph. The failure of a party to contemporaneously designate a portion of a deposition as confidential in accordance with the preceding paragraph shall not constitute a waiver of any claim that the information constitutes a trade secret or other confidential research, development, personal, financial or commercial information, provided that the portion of the deposition is timely designated in accordance with this paragraph. However, no person or party shall be subject to any sanction under this Order arising from the use or disclosure, prior to receipt of the written designation, of deposition testimony not previously designated under the terms of the prior paragraph three, above.

6. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.

The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

    7.    <u>Protection of Confidential Material</u>.

    (a)    *General Protections*.  Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in 5(b), for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

    (b)    *Limited Third-Party Disclosures*.  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs (1)-(5).  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

(1) **Counsel**.  Counsel for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

(2) **Parties**.  Named parties and persons who reasonably may be called as witnesses in this case or who may provide factual background or clarification to matters pertinent to such documents;

(3) **Court Reporters and Recorders**.  Court reporters and recorders engaged for depositions;

(4) **Consultants, Investigators and Experts**.  Consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(5) **Others by Consent**.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions

     as may be agreed or ordered.  All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c)  *Control of Documents*.  Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment, and/or the conclusion of any appeals arising therefrom.

(d)  *Copies*. Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(e) *Inadvertent Production.* Inadvertent production of any document or information without a designation of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be governed by Fed. R. Evid. 502.

8. <u>Filing Confidential Documents Under Seal.</u> Any party must move the Court to file documents designated CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER under seal pursuant to D.C.COLO.LCivR 7.2. In the event a party seeks to disclose the content of any material designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER in any pleading, motion, deposition, transcript, exhibit or other document, the party shall be obligated to submit such pleading, motion, deposition, transcript, exhibit or other document under seal in an envelope on which shall be endorsed the caption of this action, any other information required by D.C.COLO.LCivR 7.2, and a statement substantially in the following form:

> The following is confidential: these documents are subject to a Protective Order in the case of Quick v. Frontier Airlines, Inc. et. al., Civil Action No. 15-cv-00765-REB-KMT and are to be reviewed only by a Judge and Magistrate Judge of this Court or their law clerks, or counsel for the parties in this litigation.

9. <u>Challenges by a Party to Designation as Confidential</u>. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non- party with standing to object (hereafter "party"). Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

10. <u>Remove The "Confidential" Designation</u>. Any party may remove the "Confidential" designation from any of its own documents at any time by so advising opposing counsel in writing.

11. <u>Action by the Court</u>. Applications to the Court for an order relating to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or use in discovery or at trial.

12. <u>Use of Confidential Documents or Information at Trial</u>. All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any document that may be introduced by any party during the trial. If a party intends to present at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom, such party shall provide advance notice to the other party at least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual CONFIDENTIAL -

SUBJECT TO PROTECTIVE ORDER documents or such documents or information at trial.

13. Obligations on Conclusion of Litigation.

(a) *Order Remains in Effect.* Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) *Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents.* Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in 5(d), shall be returned to the producing party unless:

(1) the document has been offered into evidence or filed without restriction as to disclosure;

(2) the parties agree to destruction in lieu of return; or

(3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial

-9-

portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

14. <u>Order Subject to Modification</u>. This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

15. <u>No Prior Judicial Determination</u>. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

-11-

16. <u>Persons Bound</u>. This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: __Oct 27, 2015__, 2015

_/s/ Kathleen M. Tafoya_
**U.S. Magistrate Judge**

**Kathleen M. Tafoya**
**United States Magistrate Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00765-REB-KMT

EDWARD K. QUICK,

    Plaintiff,

v.

FRONTIER AIRLINES INC. and MICHELE ZEIER, an individual,

    Defendants.

---

ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND

---

The undersigned hereby acknowledges that he/she has read the Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for Colorado in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

-13-

## ACKNOWLEDGMENT OF UNDERSTANDING AND
## AGREEMENT TO BE BOUND
### (Page 2)

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Job Title: _____

Employer: _____

Bus. Address: _____

Date: _____

_____
**SIGNATURE**

8075499_1