IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLORADO

Civil Action No. 15-cv-00765-REB-KMT

EDWARD K. QUICK,

     Plaintiff,

v.

FRONTIER AIRLINES INC. and MICHELE ZEIER, an individual,

     Defendants.

---

## PLAINTIFF'S RESPONSES TO DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

---

     Defendants Frontier Airlines Inc. and Michele Zeier, by and through their attorneys Holland & Hart LLP, submits the following discovery requests to Plaintiff to be answered in accordance with F.R.C.P. 33, 34 and 36, and the definitions and instructions set forth below:

### DEFINITIONS AND INSTRUCTIONS FOR INTERROGATORIES

     1.     "You" or "Your" mean Plaintiff and all other persons purporting or authorized to act on his behalf.

     2.     "Identify" when used with respect to a person, means to give the person's name, present or last known address and telephone number, and the position and business affiliation of the person at the time of his/her actions in connection with the matters alleged in this action.

     3.     "Communication" means any oral or written exchange of information, including, without limitation, discussions by telephone, and communications by mail,

1

EXHIBIT 1

facsimile, electronic mail, telegram, or any other means.  "Communications" includes all "documents" as defined  below.

4.      In answering or objecting to these requests, please type the interrogatory being  answered or objected to immediately before your response.

5.      If the answer to any request is that you lack knowledge of the requested information, describe all efforts made by you to obtain the information necessary to answer the  interrogatory.

6.      If any interrogatory or request cannot be complied with in full, then please respond to the fullest extent possible, specifying the reasons for your inability to respond fully  and identifying the date by which you will make a complete response.

7.      If an objection is made with regard to any information, documents or items  sought, state the nature of the objection and legal authority therefore.

8.      In the event that any document is not produced by you by reason of a claim of  privilege, please state the following and produce the required privilege log:

      a.      Date of the document.

      b.      Author of the document.

      c.      Addressee of the document.

      d.      Type of document (e.g., record, letter, statement).

      e.      Nature of the privilege claimed.

      f.      Identity of the person or entity asserting the privilege.

9.      The term "document" means all written or recorded material of any kind in your  possession, custody or control, or within your knowledge, including, without limitation, statements, letters, correspondence, lists, payroll documents, memoranda, notes, reports,  interoffice communications, calendar and diary entries, chronologies,

appointment books,  messages, summaries or abstracts, video or audio recordings, any

notes or writings pertaining to  any meetings, or other oral or telephone communication,

electronic mail, any data or information  stored or saved on any computer hard disk,

floppy disk, tape, or other medium, any computer  print-outs, and all other documentary

material, including non-identical copies and drafts of  documents.

      10.     The term "identify," when referring to a person, means to state the

person's full name, current home address and telephone number, current business

address and telephone  number, occupation, and position/job title.  If Defendant is

unable, after earnest effort, to secure  the home and/or business address and telephone

number of the identified person, Defendant shall  supply the person's last known home

and/or business address and telephone number, and the  name and location of the

person's last known employer.

      11.     "Describe" when used with respect to a communication, act or conduct,

means to  give, state or identify the following:

        a.     The date of the communication, act or conduct, where it took

place, and  the person or persons present;

        b.     If a communication, the words or substance of the

communication, the  person making each of the particular statements so listed, the

mode of the communication (*e.g.,*  in writing, telephone, in person) and the location of

each of the participants;

        c.     If an act or conduct, the details of the act or conduct being

described and  what each participant in such act or conduct did; and

        d.     Any document evidencing or reflecting any communication, act or

conduct described in response to, or called for by, the interrogatory requesting you to

describe the communication, act or conduct.

      12.     These requests shall be deemed continuing so as to require a supplemental response to the extent you receive, generate or discover additional information between the time of your original interrogatory responses and the time of trial, including the discovery of any additional documents that are responsive to any interrogatory contained herein.

**<u>TIME AND PLACE OF PRODUCTION</u>**

     The requested documents should be produced for inspection and copying at the offices of Holland & Hart LLP, 555 17th Street, Suite 3200, Denver, Colorado, 80202 within 30 days of service of this request in accordance with applicable rules.

_____

## OBJECTIONS AND RESPONSES TO DEFENDANTS' INTERROGATORIES

Plaintiff, Edward Quick, through undersigned counsel, serves these objections and responses to Defendants' interrogatories numbered 1 to 14.

## SPECIFIC OBJECTIONS

1.     Plaintiff objects to the definitions set forth in the interrogatories as overly broad.

2.     Plaintiff objects to the instructions within the interrogatories that impose obligations above and beyond those required under the Federal Rules of Civil Procedure.

3.     Plaintiff objects to Defendants' interrogatories to the extent they seek materials covered by attorney client privilege.

4.     Plaintiff objects to the interrogatories to the extent they seek medical information that is not relevant to the subject matter of this litigation, any claims or defenses, and not reasonably calculated to lead discovery of admissible evidence, as stated below.

Without waiving these objections, Plaintiff will respond to the best of his ability, and reserves the right to supplement his response at any time.

## INTERROGATORIES

**Interrogatory No. 1:** For each Count in your Complaint, identify the exact amount of damages claimed, describe in detail the calculations used in determining those damages,  including any assumptions therein or documents relied thereon; and state all facts and opinions  that you contend support such damage claims.

**Objection:**  Information responsive to this request will be produced in accordance with the Federal Rules of Civil Procedure and this case's scheduling order currently scheduled for Plaintiff's production on October 15, 2015.  However, because some items

5

requested in Plaintiff's own discovery requests relate to the calculation of damages, and

are not yet produced by Defendants, some items may not be able to be fully incorporated

into Mr. Quick's damages calculations, or produced in support of his expert's report when it

is due.  For those items, calculations may be changed by the production of the underlying

requests.

Thomas G. Jarrard

**Answer:**  Without waiving said objection and without limitation, paragraphs 1-22 of

Mr. Quick's complaint are background facts as they relate to the issue of liability, not

damages.  Accordingly, no damages are directly tied to those paragraphs.  Paragraph 23,

however, alleges that Defendants did not re-employ Mr. Quick on September 25, 2014.

Mr. Quick's damages begin on Paragraph 23 and continue to the present day as

Defendants have yet to re-employ Mr. Quick. Mr. Quick's damages are lost wages and

benefits for the above-referenced timeframe as well as liquidated damages.

**Interrogatory No. 2**:  Describe all efforts you have made to mitigate the damages

identified in response to Interrogatory No. 1 above, including but not limited to each

employer  with whom you have applied for work and the date of same, the date, terms and

compensation of  any job offers extended to you, the date, terms and compensation of any

job offer declined, and  the duration of employment for any and all job offers accepted.

**Answer:**  Following leaving military duty, Mr. Quick sought reemployment with

Frontier from mid-July 2014 through April 2015, as alleged in the complaint.  Mr. Quick

does not recall the other entities with whom he applied for work during that timeframe.  In

June and July 2015, Mr. Quick made efforts to prepare for, and eventually, enrolled as a

student at Metropolitan State University in Denver in order to finish his college degree and

improve his prospects for present and future employment.  See QUICK 0000644 – 680.

**Interrogatory No. 3**: From January 1990 to the present, identify all of your employers (including self-employment) and describe in detail the position and job responsibilities you held,  the years of each such employment, the identity each supervisor, and the reason for leaving each  employment.

**Objection**: This request is unduly burdensome as it requires Mr. Quick to identify former employers, supervisors, job titles, and reasons for leaving employment for a twenty-five (25) year timeframe.  Additionally, notwithstanding the characterization of Mr. Quick's military discharge, such information has no bearing on Mr. Quick's USERRA claims or Defendants' USERRA defenses.

_____
Thomas G. Jarrard

Without waiving said objection and in an effort to facilitate discovery, within the last 10 years Mr. Quick's employers include Frontier.  Frontier is in equally in possession of the documents and information that identify Mr. Quick's supervisor, job titles, and job duties. Mr. Quick also served in the U.S. Army, and, in turn, has produced his DD214 certificates of discharge which reflect that he was honorably discharged from the U.S. Armed Services which, in turn, gives him standing to pursue his USERRA claims. Additionally, during the last ten years Mr. Quick was self-employed as a flight instructor.  *See* QUICK 000041-42 and 000057-59, and 0000665-679.

**Interrogatory No. 4**: Describe in detail the factual basis for your allegation in paragraph 21 of the Complaint that you "incurred disabilities on active duty" including the nature of any injury you claim you sustained or illness or disease you incurred, how such condition was  sustained, in what sense any injury, illness or disease was sustained in

connection with military duty, what treatment, if any, you received for any such condition and whether you are currently being treated for the same. Identify all persons, including medical professionals, with knowledge of the facts, as well as all documents underlying this allegation.

**Objection**: Plaintiff objects to this interrogatory as it seeks private medical information that is not relevant to the subject matter of this litigation, any claims or defenses, and not reasonably calculated to lead discovery of admissible evidence, and in particular not relevant to: (a) USERRA discrimination claims or defenses; (b) to identifying an appropriate reemployment position under 38 USC 4312 and 4313; or (c) to promptly and properly reemploying Mr. Quick to an appropriate position. As noted in the case law provided during prior discussions between counsel on this issue, "such considerations cannot be taken into account before reemployment. Put differently, once Plaintiff has satisfied the prerequisites in § 4312 — which the Court has already found Plaintiff to have done—then Plaintiff must be reemployed, and only then, when determining the particular position in which to reemploy Plaintiff, can Defendant consider Plaintiff's qualifications." *Brown v. Prairie Farms Dairy, Inc.*, 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012); *see also* 38 U.S.C. §§ 4312, 4312, 20 C.R.F. §§ 1002.225-226. Pending the resolution of a court order on this issue, the information requested from Mr. Quick in this request is his private, and potentially privileged, medical information, which is outside the scope of discovery, as it is not relevant to any actual claims or defenses in this case, *see inter alia,* 38 U.S.C. §§ 4303(15), 4311(c), 4312(d)(1)(A)-(B); 4313; 4316, 4318 and 4323(d)(1)(C) and will not be produced.

Thomas G. Jarrard

8

Without waiving said objections, and in an effort to facilitate discovery, Mr. Quick's previously produced military orders and discharge records, Bates Nos. Quick 000035 to 43, that relate to status and character of his military discharge and which fully support and detail the factual basis for his allegation in paragraph 21 of the Complaint.

**Interrogatory No. 5**: For each person identified in response to Interrogatory No. 4 above, describe in detail the nature of such individual's knowledge, including but not limited to  all health care providers who have treated or evaluated you, the treatment you received from  such providers, and the dates of such treatment.

**Answer**:  The response to Interrogatory No. 4 above does not contain any reference to individuals with knowledge of Mr. Quick's medical information, any health care providers or dates of treatment.

**Interrogatory No. 6**:  Please provide the names and addresses of each health care provider that has treated or examined you for any physical, mental or emotional condition of any kind from January 1, 2000 to the present.

**Objection**:   Plaintiff objects to this interrogatory as it seeks private medical information that is not relevant to the subject matter of this litigation, any claims or defenses, and not reasonably calculated to lead discovery of admissible evidence.  As noted in the case law provided during prior discussions between counsel on this issue, "such considerations cannot be taken into account before reemployment.  Put differently, once Plaintiff has satisfied the prerequisites in § 4312 — which the Court has already found Plaintiff to have done—then Plaintiff must be reemployed, and only then, when determining the particular position in which to reemploy Plaintiff, can Defendant consider Plaintiff's qualifications." *Brown v. Prairie Farms Dairy, Inc.*, 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012); *see also* 38 U.S.C. §§ 4312, 4312, 20 C.R.F. §§ 1002.225-226.

Plaintiff further objects as the request is incredibly overbroad, as to providing the names of each health care provider during the span of fifteen years (2000 to present).

Plaintiff further objects as medical providers' information (spanning fifteen years) in a case that alleges no general damages or any damages, claims or defenses related to physical, mental or emotional condition is relevant to damages.

Pending the resolution of a court order on this issue, the information requested from Mr. Quick in this request is his private, and potentially privileged, medical information, which is outside the scope of discovery, as it is not relevant to any actual claims or defenses in this case, *see inter alia,* 38 U.S.C. §§ 4303(15), 4311(c), 4312(d)(1)(A)-(B); 4313; 4316, 4318 and 4323(d)(1)(C) and will not be produced.

**Interrogatory No. 7**: Describe all reasons you have yet to apply for benefits under the UNUM long term disability plan available to Frontier Airlines pilots.

1. Mr. Quick was never reemployed by Frontier following his return from military service in September 2014.

2. Long term disability is a post-reemployment benefit offered at Frontier.

3. Mr. Quick attempted to explore the idea of long term disability, but was stymied by Frontier's lack of providing information and refusal to reemploy him.

4. Frontier policy requires exhaustion of sick and short term leave before applying for long term disability, and not being reemployed, this is impossible to accomplish.

5. Frontier attempted to require Mr. Quick to apply for long term disability before reemploying him, and at the same time refused and delayed providing Mr. Quick plan information so that Mr. Quick could make an informed decision.

6. Reemployment under USERRA is a legal right for Mr. Quick and a legal

obligation upon Frontier, while long term disability is an illusory post-reemployment benefit.

7. Upon information and belief, even when/if Frontier reemploys Mr. Quick at some point in the future, applying to the long term disability policy offered by Frontier would terminate his employment at Frontier and deny him other important benefits he would have as an employee and team member at Frontier, but will not provide any long term disability benefits to Mr. Quick where his disabilities were incurred during war time military service.

8. Frontier's constant efforts to encourage Mr. Quick to apply for long term disability without reemploying him to a job first and without providing him useful and important plan information so he would be able to make an informed decision, and demands to return a completed long term disability application was unreasonable.

9. Frontier's denial of reestablishment of his health care benefits, alleging that a wait period existed, when no such wait period existed under the law or by policy and Mr. Quick telling Frontier that, and Frontier's failure to correct his seniority date on company records, all caused Mr. Quick to seriously question the competence of the persons at Frontier who were responsible for providing him reliable and accurate information about his possible benefits.

10. Upon information and belief, Frontier has no control over, makes no decisions, and has no persuasion with UNUM regarding an employee's eligibility or entitlement to long term disability, or whether an application will be honored/granted by UNUM.

11. The reputation of benefits providers like UNUM in the industry.

12. Based upon the above, and prior experience working with Frontier regarding benefits issues, all caused Mr. Quick great concern that: (a) applying for the plan purportedly offered by Frontier would be at the least a questionable prospect; or (b) at the worst, and most probably, a futile endeavor that would leave Mr. Quick with no prospect to exercise his reemployment rights with a former employer or return to work, no long term disability benefits, and left destitute to seek employment elsewhere.

**Interrogatory No. 8**: Identify each and every person (including current and former employees of Frontier Airlines) with whom you have communicated about your claims that Defendant violated USERRA as alleged in your Complaint, the nature of all such communications (e.g., oral, writing, e-mail); the date(s) of each such communication; and a summary of each such communication and/or conversation.

**Answer:** In addition to the individuals set out in Mr. Quick's complaint, Mr. Quick has communicated to his Father (Morris) orally approximately once a week and his Daughter (Julie) orally approximately once a week. The substance of the communication generally relates to the allegations contained in the complaint and the case's progress. Mr. Quick has, from time-to-time, communicated orally about the case (as alleged in the complaint) and the cases' progress with his friends. Those individuals are Dave Servinsky, Rich Platt, Oliver Bever, Walt Wise, Andy Pillado, Chris Spanos, and Kyle Strunk. Mr. Quick does not recall the dates of those conversations. Mr. Quick has also communicated orally and in writing to JP Tebidoe and Michele Zier. Defendants have greater access to these communications. Lastly, Mr. Quick communicated with David Palmer at the US Department of Labor orally and via email. Mr. Quick does not recall the specific date of each communication with the US Department of Labor. The substance of

the communication to the US Department of Labor is generally in line with the Defendants' obligations under USERRA.  Mr. Quick forwarded, via email, a copy of his lawsuit in this case to the DOL on April 20, 2015.

**Interrogatory No. 9**: If you have recorded by any means mechanical or electronic means any conversations or meetings that contain information relating in any manner to the allegations  in your Complaint, state the participants in the conversation or meeting, the date or approximate  date on which the conversation or meeting occurred, how the conversation or meeting was  recorded, if you still have a copy of the recording, transcript or other record of it, in your  possession and, if it no longer exists, the circumstances of its destruction.

**Answer:** N/A.

**Interrogatory No. 10**:  If you contend that Frontier Airlines or any officer, agent, employee or representative of Frontier Airlines has made any admissions or statements that  support your claims in this lawsuit, identify the name and job title of each such person making  the statement, the substance of the statement, the date or approximate date on which the  statement was made, all persons who witnessed the statement (if not a current employee of  Defendant, please include the name, current address and telephone number).

**Objection**:  This request appears to seek a legal conclusion as to whether the statements of certain Defendant employee/agents are binding on the Defendants.

Thomas G. Jarrard

Without waiving said objection, without limitation, and in the interest of facilitating discovery, see paragraphs 22, 25, 26, 28, 33 - 36, 40 – 44, 47, of Plaintiff's Complaint. Those paragraphs identify the name of the employee of Frontier who made the statement,

the date(s) of the statement, and the statement's substance.  Frontier's post-lawsuit contributions to some of Mr. Quick's retirement in approximately August to September 2015 support his 38 U.S.C. § 4318 and willful damages claims.  In addition, on July 31, 2015, Defendant Zeire sent Mr. Quick a letter alleging possible offers of employment, this is inconsistent with a current employment status, and is a statement by the Defendant that Mr. Quick has yet to be promptly and properly reemployed and supports the majority of Mr. Quick's claims.

**Interrogatory No. 11:**  Please state the name, address and telephone number of all persons employed by the United States military whom you communicated with regarding, or who had any role in generating or transmitting to you, your military orders in 2007 and 2008.

**Objection**: Plaintiff objects to this interrogatory as it seeks information that is not relevant to the subject matter of this litigation, any claims or defenses, and not reasonably calculated to lead discovery of admissible evidence.  38 U.S.C. §§ 4312(h) and (f) provide for the records and limitations upon consideration of those records that are relevant to a USERRA reemployment claim.  Further, federal law requires that "[t]he Military Services will ensure that every member […] being separated from the Military Services is given a completed DD Form 214 describing relevant data regarding the member's service, and the circumstances of termination..."  10 U.S.C. § 1168; 32 C.F.R. 45.1, et. seq.  Accordingly, this request improperly seeks information related to Mr. Quick's military conduct, or some other matter not relevant to his USERRA claims, *i.e.* the individuals with whom Mr. Quick communicated regarding his military orders.  The disclosure of such information is also improper as "Congress [..] made the military departments the sole judges of a person's military conduct, and it is for neither the

employer nor this court to reevaluate military service that has already been deemed honorable." *Pittman v. DOJ*, 486 F.3d 1276, 1284-1285 (Fed. Cir. 2007).

Plaintiff further objects because the request is overly broad and unduly burdensome.  The expectation that any person would recall the information requested in this interrogatory, and, for all persons they communicated with regarding military orders 7 to 8 years ago, and whether such persons are employed by the United States military, or to attempt to track down such information is completely unreasonable; made more so by the fact that Frontier is aware that Mr. Quick is now retired from the military and would have no access to such personal information.  Further, disclosure of personal information about Department of Defense personnel, like that requested here, is protected under the Privacy Act, and Mr. Quick would have no way to access to government systems that would provide such information.

Thomas G. Jarrard

Without waiving said objection and without limitation, Mr. Quick produced his military orders and DD214s covering the above-referenced timeframe as part of his initial disclosures.  *See* QUICK 00001 to 000022.  Mr. Quick's DD214 for that timeframe references the honorable characterization of his military service. The names and addresses of the officers and approving authorities for the orders and discharge documents are also listed on those records, some of which also include contact information such as email address and phone numbers *e.g.* Quick 000011.  Any additional information, is beyond Mr. Quicks grasp, but is potentially accessible to the Defendants through a Freedom of Information Act request.

**Interrogatory No. 12:**  Please state the dates and the character or type of all military service you performed from the beginning of your employment with Frontier

15

Airlines until June 19, 2007, and state the dates of all military leaves of absence from Frontier Airlines, if any, required for such service.

**Answer**: For dates and types of military service performed see Mr. Quick's initial disclosure documents QUICK 00001 to 00008, 22, 41, 42, 43, 57-59, 80 – 81, and 0000642-643. The character of all of Mr. Quick's military service is honorable as reflected in Box 24 of his DD 214 dated 20140523. In addition, each of Mr. Quick's periods of military leaves of absence from Frontier Airlines correspond to the dates listed in these records.

**Interrogatory No. 13:** Describe in detail any and all facts, reasons, medical conditions, or causes of any kind or description demonstrating why you are unable to obtain all necessary FAA or other certifications to perform the essential functions of your prior position of First Officer at Frontier Airlines.

**Objection**: Regarding "medical conditions", *see* objection in Interrogatory No. 4 above. The interrogatory is also confusing and presumes legal conclusions that may only be based upon facts and events that do not exist in this case, *e.g.* that Mr. Quick has been reemployed since his return from military service or that his proper reemployment position would only be that of a First Officer. Further, the phrase "essential functions" appears to call for a legal conclusion and the phrase "FAA certificates or other certifications" is vague and ambiguous. Further, whether Mr. Quick did or did not obtain "all necessary FAA" certificates does not bear on, or relevant to, Mr. Quick's USERRA claims or Defendants' defenses.

_____

Thomas G. Jarrard

16

Without waiving said objection and in the interest of facilitating discovery, Mr. Quick operated fixed-wing aircraft at times during his military leave from Frontier. Mr. Quick met the requirements necessary to operate military aircraft. Mr. Quick operated military aircraft from approximately 2007 to 2012. Following 2012, Mr. Quick was not required by the military to maintain FAA certificates. Since the military did not (post 2012) require Mr. Quick to maintain a FAA certificate it was not necessary for him do so. Whether Mr. Quick is able "to perform the essential functions of" any proper reemployment position (first officer or otherwise) depends upon: (1) first being reemployed; and (2) the reasonable efforts made by Frontier. *See* 20 C.F.R. § 1002.5(i), 197, and 198. Because, Mr. Quick was not reemployed following military service in 2014, and he is not aware of any reasonable efforts taken by Frontier prior to, or following, his return from military service, he would be speculating as to what essential functions (of any proper reemployment position) he may be unable to perform.

**Interrogatory No. 14:** Describe in detail all efforts you have taken, applications you have made, and persons with whom you have communicated since June 19, 2007 regarding maintaining, losing, or attempting to renew or obtain the FAA medical certifications required for airline/air transport pilots.

**Objection:** See objection and response to Interrogatory No. 13.

Thomas G. Jarrard

Without waiving said objection, information responsive to this request are in the possession of the Defendants, and to date, Mr. Quick has not been able to locate copies if any that he maintained. However, during the above-referenced timeframe Mr. Quick did cause a physician, Dr. Michael V. Ladwig to forward copies of Mr. Quick's FAA medical

certificate FAA Form 8500-9 to Frontier from 2007 to May 2012.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**: Produce all documents which are referenced in your answers to the Interrogatories submitted simultaneously herewith or which refer, relate, reflect or concern in any way to your answers to the Interrogatories.

The documents referenced in the answers to the above interrogatories were produced already, are produced herewith, or are records produced by Defendants in this case. The documents identified in the responses to each request are identified by Bates number for easy reference. Plaintiff is not producing herewith any documents previously produced to Plaintiff by Defendant in discovery.

**Request for Production No. 2.**: Produce all calendars, daytimers, diaries or logs kept by Plaintiff from January 1, 2012 to the present.

Upon reasonable inquiry, no such records are identified in the custody of control of Mr. Quick.

**Request for Production No. 3**: Produce all documents regarding, reflecting, or relating to all military leaves during the course of your employment at Frontier Airlines, from January 1, 2003 to the present, including, but not limited to, copies of all military activation and discharge orders.

Please see QUICK 00001 to 50, 53-59, 640-643.

**Request for Production No. 4**: Produce all documents, medical records, and communications of any kind relating to your application for and/or receipt of disability benefits of any kind through any branch of the military, or the Department of Veterans of Affairs, from 2007 through the present.

Plaintiff objects to this request as it seeks private medical information that is not

relevant to the subject matter of this litigation, any claims or defenses, and not reasonably calculated to lead discovery of admissible evidence. As noted in the case law provided during prior discussions between counsel on this issue, "such considerations cannot be taken into account before reemployment. Put differently, once Plaintiff has satisfied the prerequisites in § 4312 — which the Court has already found Plaintiff to have done—then Plaintiff must be reemployed, and only then, when determining the particular position in which to reemploy Plaintiff, can Defendant consider Plaintiff's qualifications." *Brown v. Prairie Farms Dairy, Inc.*, 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012); *see also* 38 U.S.C. §§ 4312, 4312, 20 C.R.F. §§ 1002.225-226.

Plaintiff further objects as medical information, in a case that alleges no general damages, or any damages claims or defenses related to physical, mental or emotional condition is not relevant to damages. Plaintiff further objects as the requested information is not relevant to not relevant to damages in any other way. *See Patterson v. City of Wichita*, 2014 U.S. Dist. LEXIS 106334, 6-7 (D. Kan. Aug. 4, 2014); *Green v. Denver & R.G. W. R.R.*, 59 F.3d 1029, 1032 (10th Cir. Utah 1995); *See Steckler v. United States*, 549 F.2d 1372, 1379 (10th Cir. 1977); *EEOC v. Sandia Corp.*, 639 F.2d 600, 625, 626 (10th Cir. 1980); *McGinnis v. Taitano*, 3 F. Supp. 2d 767, 770 (W.D. Ky. 1998); *Hoback v. City of Chattanooga*, 2012 U.S. Dist. LEXIS 124794, 37-38 (E.D. Tenn. Sept. 4, 2012).

Pending the resolution of a court order on this issue, the information requested from Mr. Quick in this request is his private, and potentially privileged, medical information, which is outside the scope of discovery, as it is not relevant to any actual claims or defenses in this case, *see inter alia,* 38 U.S.C. §§ 4303(15), 4311(c), 4312(d)(1)(A)-(B); 4313; 4316, 4318 and 4323(d)(1)(C) and will not be produced.

Thomas G. Jarrard

**Request for Production No. 5:** Produce all documents evidencing, regarding, reflecting, or relating to the allegations contained in the Complaint that any of Defendants' actions or omissions were a willful violation of USERRA.

Please see QUICK 00001-758.

**Request for Production No. 6:** Produce all documents supporting, evidencing, regarding, reflecting, or relating to the damages sought in this lawsuit.

These documents will be produced on October 15, 2015, in conjunction with the Plaintiff's expert report, and as required in the case scheduling order. As noted in Interrogatory No.1, because some items requested in Plaintiff's own discovery requests relate to the calculation of damages, and are not yet produced by Defendants, some items may not be able to be fully incorporated into Mr. Quick's damages calculations, or produced in support of his expert's report when it is due. For those items, calculations may be changes by the production of the underlying requests.

**Request for Production No. 7:** Produce all correspondence, documents, reports, memoranda or any other materials provided, to, received from, or generated by any expert whom you have retained in this litigation.

Will be produced on October 15, 2015, in conjunction with, and as required in the case scheduling order.

**Request for Production No. 8:** Produce all documents, including, but not limited to, federal and state income tax returns, W-2 forms, 1099 forms, estimated tax forms and pay stubs, benefit statements evidencing, regarding, reflecting, or relating to all earnings, wages, compensation, and benefits received or to be received by Plaintiff from January 1, 2005 to the date of trial.

See QUICK 0000179 –0000211, 0000698-753.

**Request for Production No. 9:** Produce all fee agreements or other documents between Plaintiff and his counsel evidencing, regarding, reflecting, or relating to Plaintiff's engagement of counsel to represent him in this matter, and any agreements or other documents regarding, reflecting, or relating to the payment of attorney's fees or costs thereunder.

See QUICK0000754-758

**Request for Production No. 10:** Produce all notes, memoranda, letters, recordings, or other documents regarding, reflecting, or relating to any conversations, meetings, or communications between Plaintiff and any other individual (excluding privileged communications with or work product of your counsel) relating to the claims asserted in your Complaint.

Upon reasonable inquiry, no such records are identified in the custody of control of Mr. Quick.

**Request for Production No. 11:** Produce all medical records of any kind or description, including but not limited to those of physicians, nurses, pharmacies, physical therapists, physician assistants, psychologists, counselors, psychiatrists or other providers of any kid or description (whether civilian or military) in your possession, custody or control and generated at any time, which are in any way related to the "disabilities on active duty"

21

which you claim to have "incurred" per paragraph 21 of the Complaint.

**Objection**: Plaintiff objects to this request as it seeks private medical information that is not relevant to the subject matter of this litigation, any claims or defenses, and not reasonably calculated to lead discovery of admissible evidence. As noted previously, including at the case management hearing and records, and authority provided during prior discussions between counsel on this issue, "such considerations cannot be taken into account before reemployment. Put differently, once Plaintiff has satisfied the prerequisites in § 4312 — which the Court has already found Plaintiff to have done—then Plaintiff must be reemployed, and only then, when determining the particular position in which to reemploy Plaintiff, can Defendant consider Plaintiff's qualifications." *Brown v. Prairie Farms Dairy, Inc.*, 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012); *see also* 38 U.S.C. §§ 4312, 4312, 20 C.R.F. §§ 1002.225-226. Pending the resolution of a court order on this issue, the information requested from Mr. Quick in this request is his private, and potentially privileged, medical information, which is outside the scope of discovery, as it is not relevant to any actual claims or defenses in this case, *see inter alia,* 38 U.S.C. §§ 4303(15), 4311(c), 4312(d)(1)(A)-(B); 4313; 4316, 4318 and 4323(d)(1)(C) and will not be produced.

_____
Thomas G. Jarrard

Without waiving said objections, and in an effort to facilitate discovery, Mr. Quick's previously produced military orders and discharge records, Bates Nos. Quick 000035 to 43, that relate to status and character of his military discharge and which fully support and detail the factual basis for his allegation in paragraph 21 of the Complaint.

**Request for Production No. 12:**  Produce all documents, recordings, or communications in your possession, custody or control regarding any complaint, claim, inquiry or communication you have made to the U.S. Department of Labor or any employee thereof regarding any violation of USERRA, potential violation of USERRA, or other issue concerning USERRA, whether in respect to Defendants herein or otherwise, since June 19, 2007.

All of the records that are in Mr. Quick's custody or control are only duplicates of the records that Defendants provided to Plaintiff from Defendant's own DOL FIOA request.  The FOIA response, in fact, contains more records that are in a chronological order and organized fashion.  If defendants desire a copy of records provided to Mr. Quick by Defendants, or a separate set of the limited duplicates that Mr. Quick has custody of, then that may be arranged.  However, take note that any record responsive to this request is only duplicative of the records from the DOL FIOA response.

**Request for Production No. 13:** Produce all documents and communications in your possession, custody or control related your possession of, or attempts to apply for or otherwise acquire, all FAA medical certifications required for airline/air transport pilots.

See response to interrogatory No. 14, upon reasonable inquiry, no such records are identified in the custody of control of Mr. Quick.

**Request for Production No. 14:** Produce all documents and communications in your possession, custody or control related to your training failures in attempting to upgrade from First Officer to Captain, and your training failures in any other context while employed by Frontier Airlines, including but not limited to all correspondence and communications received by you from any source pertaining to the convening of a Training Review Board in June, 2007 under the FAPA collective bargaining agreement

related to such training failures.

Upon reasonable inquiry, no such records are identified in the custody of control of Mr. Quick.

**Request for Production No. 15:** Please sign and return the authorizations for release of medical records attached hereto.

**Objection.** Plaintiff objects to this request as it seeks to obtain private medical information that is not relevant to the subject matter of this litigation, any claims or defenses, and not reasonably calculated to lead discovery of admissible evidence. As noted in the case law provided during prior discussions between counsel on this issue, "such considerations cannot be taken into account before reemployment. Put differently, once Plaintiff has satisfied the prerequisites in § 4312 — which the Court has already found Plaintiff to have done—then Plaintiff must be reemployed, and only then, when determining the particular position in which to reemploy Plaintiff, can Defendant consider Plaintiff's qualifications." *Brown v. Prairie Farms Dairy, Inc.*, 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012); *see also* 38 U.S.C. §§ 4312, 4312, 20 C.R.F. §§ 1002.225-226. Pending the resolution of a court order on this issue, the information requested from Mr. Quick in this request is his private, and potentially privileged, medical information, which is outside the scope of discovery, as it is not relevant to any actual claims or defenses in this case, *see inter alia,* 38 U.S.C. §§ 4303(15), 4311(c), 4312(d)(1)(A)-(B); 4313; 4316, 4318 and 4323(d)(1)(C) and will not be signed.

_____
Thomas G. Jarrard

## <u>CERTIFICATION</u>

I have read the within and foregoing Answers to Interrogatories and know the contents thereof and believe the same to be true and correct.

Dated this October 2, 2015.

EDWARD K. QUICK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic mail, as agreed, to the following persons, on this 2nd day of October, 2015.

William R. Dabney
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303)295-8000
Facsimile: (720) 235-0229
wrdabney@hollandhart.com

Brian M. Mumaugh
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, #500
Greenwood Village, CO 80111
Telephone: (303) 290-1600
Facsimile: (303) 713-6255
bmumaugh@hollandhart.com

Bradford J. Williams
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado 80202
Telephone: (303)295-8000
Facsimile: (720) 223-3271
bjwilliams@hollandhart.com

ATTORNEYS FOR DEFENDANTS

/s/ *Thomas G. Jarrard*
THOMAS G. JARRARD
Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington Street
Spokane, WA 99201
Telephone: 425.239-7290
Tjarrard@att.net