# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:15-cv-765-REB-KMT

EDWARD K. QUICK,

       Plaintiff,

v.

FRONTIER AIRLINES, INC., and MICHELE ZEIER, an individual,

       Defendants.

---

## DECLARATION OF THOMAS G. JARRARD

---

I, Thomas G. Jarrard, pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am an attorney of record for the above captioned matter.

2.    I am familiar with the records filed in the docket in this matter.

3.    I am familiar with the records produced by Defendants in relation to this matter.

4.    I am familiar with the records produced by the Plaintiff in relation to this matter.

5.    On August 18, 2015, I read defendants' discover requests, including numerous requests for Mr. Quick's medical information.  Concerned about this, I emailed Frontier's attorney to resolve the matter.  **Attached hereto as EXHIBIT D is a true and correct copy of that email.**

1

6.       Mr. Dabney and I continued this discussion cordially over the course of two months.  I provided legal authority and gave him a heads up sharing what our specific objections to those requests would be and provided numerous references and citations to support our position that the requests were not relevant.  I repeatedly asked for authority to support Frontier's requests, but received only one vague reference in a phone call to the commentary to Department of Labor regulations.   After reading that, I emailed a response to Mr. Dabney addressing the actual meaning of the commentary. **Attached hereto as EXHIBITS, E, F, G, H, and I, are true and correct copies of those emails.**

7.       On September 8, 2015, I emailed Mr. Quick's Letter (EXHIBIT B that is attached to Mr. Quick's Declaration) to Mr. Dabney, Mr. Crotty and myself.  A couple weeks later, I was informed by Mr. Quick his new ID card was delivered to his home.

8.       On October 30, 2015, I read Frontier's Motion to Compel.  I saw repeated references to a claim that Frontier asked Mr. Quick about his disabilities at times prior to the discovery requests that are the subject of the pending motion.  This concerned me because I am very familiar with the records in this case so far, but I have never seen anything like that.  So, I emailed Frontier's attorney, cited the pages where I saw those claims and asked if there was any document or record that would support those claims.  I waited until the following Monday, but I received no response to my request.  So, I combed through all the records in this case to make sure my thoughts were not mistaken.  It took several hours, but I could not find a single record produced in this case that would support the claims in Dkt 30 at pg 3, ¶ 2, Pg 6 ¶ 3, Pg 9 ¶ 3, pg 12 ¶ 1.

**Attached hereto as EXHIBIT J is a true and correct copy of my October 30, 2015, email**.

9.      **Attached hereto as EXHIBIT K, is a true and accurate copy of the Department of Labor commentary page at 70 Fed. Reg. 75246, 75277 (Dec. 19, 2005).**

I declare under penalty of perjury under the laws of the United States that the foregoing it both true and correct.

DATED this 9th day of November 2015.

_____
THOMAS G. JARRARD

# EXHIBIT D

Print

https://us-mg4.mail.yahoo.com/neo/launch#mail

| Subject: | Re: Quick v. Frontier Airlines, et. al. |
|---|---|
| From: | Law Office of Thomas Jarrard PLLC (tjarrard@att.net) |
| To: | tjarrard@att.net; WRDabney@hollandhart.com; |
| Cc: | matt@crottyandson.com; |
| Date: | Tuesday, August 18, 2015 8:56 PM |

Mr. Dabney,

Regarding my last, I think we ought to be able to resolve this before the call, probably by email. So we don't have to waste much more time on this issue. In fact, I am convinced of that.

I just reviewed about a dozen recent protective order and Mtn to compel cases regarding medical information in your district court, and there is about no chance short of a drunk judge that my blanket protective order against intrusion into Mr. Quick's medical information won't prevail. That sounds like a bold statement because it is that clear under even the broadest standards (that includes prohibition against the rule 35 exam you suggested early on).

So, on this issue I encourage you to work with me and take a look for yourself --- you will have to anyways. Don't even look at privilege, just and start at the relevancy analysis, then go deeper into this issue. Take that not as a challenge, but instead to send me an objective analysis on how, possibly, Mr. Quick's opposition to the release/discovery of any of his medical information in this case is not rock solid, or won't be received that way by the court? In other words, if you can find any authority showing a medical condition may be relevant (or otherwise discoverable) in a USSERA 38 USC 4311/4312/4313 case (which in itself cannot seek general damages) or, as here, where no such general damages are alleged, then please send that my way. 

Again, that's not a challenge, that is my request to you to help us save us time and not unnecessarily debate this minutia further.

Thanks.

Have a great day.


Sent from my iPhone

Thomas G. Jarrard JD MBA
A USERRA Lawyer
Law Office of Thomas Jarrard, PLLC
1020 N Washington St
Spokane, WA 99201
Off/cell 425-239-7290
Fax 509-326-2932
TJarrard@att.net
http://www.servicememberlaw.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290 and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

On Aug 18, 2015, at 17:52, Law Office of Thomas Jarrard PLLC <tjarrard@att.net> wrote:

Mr. Dabney,

We request that you withdraw all discovery requests relating to Mr. Quick's medical conditions. If you don't agree to do so, I'll add it as an item to our discussion on the 25th, and without resolution will need to proceed with the steps to obtain the appropriate protective order.

We think this is the appropriate course of action for a fact which, although may be alleged in the complaint, is not disputed nor otherwise relevant to any claim, defense or damages.

Thanks

Have a great day.

Sent from my iPhone

Thomas G. Jarrard JD MBA
A USERRA Lawyer
Law Office of Thomas Jarrard, PLLC
1020 N Washington St
Spokane, WA 99201
Off/cell 425-239-7290
Fax 509-326-2932
TJarrard@att.net
http://www.servicememberlaw.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290 and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

On Aug 18, 2015, at 16:35, Thomas G. Jarrard <tjarrard@att.net> wrote:

> Thanks, please send a word copy when you can.
>
> Thomas G. Jarrard, JD, MBA
> A USERRA Lawyer
>
> Law Office of Thomas G. Jarrard PLLC
> 1020 N. Washington Street
> Spokane, WA 99201
> (425) 239-7290
> Fax 509-326-2932
> TJARRARD@ATT.NET
>
> http://www.servicememberlaw.com/
>
> This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290, and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.
>
> **From:** William Dabney <WRDabney@hollandhart.com>
> **To:** Law Office of Thomas Jarrard PLLC <tjarrard@att.net>
> **Cc:** "matt@crottyandson.com" <matt@crottyandson.com>
> **Sent:** Tuesday, August 18, 2015 4:05 PM
> **Subject:** Quick v. Frontier Airlines, et. al.
>
> Mr. Jarrard,
>
> Please see attached for Defendants' First Set of Discovery Requests.
>
> Thank you.
>
> William R. Dabney, Holland & Hart LLP, (303) 295-8368, Fax (720) 235-0229,
> wrdabney@hollandhart.com
> CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email
> has been sent to you in error, please reply to the sender that you received the message in error; then please
> delete this e-mail.
>
>
> <2015 Def's First Set of Interrogatories and RFPs.pdf>

# EXHIBIT E

| Subject: | RE: QUick v. Frontier — Discovery of Medical Info Cases to Dabney |
|---|---|
| From: | William Dabney (WRDabney@hollandhart.com) |
| To: | tjarrard@att.net; |
| Date: | Friday, August 21, 2015 2:09 PM |

Mr. Jarrard,

Thank you for sending the authorities you referenced regarding discovery of Mr. Quick's alleged disability and medical records. After carefully reviewing them and considering your arguments, we cannot agree that they support your request that we withdraw the pending discovery requests.

First, none of the cases you cite are USERRA cases, nor do they support the blanket proposition you assert that emotional or general damages is the only instance when such discovery is proper. That appears to be merely a common scenario and nothing more. Second, to the extent you characterize the discovery issue here as whether Mr. Quick has made a claim putting his alleged disability condition into issue, it is clear he has done just that. Mr. Quick plainly alleges a violation of USERRA under 38 USC 4312 and 4312 in part because of Defendants' alleged "failing or refusing…to make reasonable efforts to accommodate Mr. Quick's disabilities." *See* Complaint, paragraph 67(e). Therefore, Defendants are entitled to discovery on the issues relating to the alleged disability, and what required accommodations were allegedly denied. Respectfully, plaintiff cannot reasonably or credibly insist that Defendants or the Court simply take Plaintiff's word that he has unknown disabilities that need some unknown accommodation, and that Defendants are liable for not doing so, without having to provide any evidence or proof for those contentions through the discovery process.

Moreover, lack of cooperation and information from Mr. Quick about his alleged disability and need for accommodations is a legitimate, non-discriminatory reason underlying Defendants' conduct, and we are entitled to discovery that would tend to prove that defense to Plaintiff's discrimination claim. The nature of the alleged disability and allegedly denied accommodations would be relevant to that defense.

We sincerely believe our discovery requests are reasonably calculated to lead to discovery of admissible evidence on the issues described above. If you would like to provide any information regarding the alleged disability at issue that might allow us to narrow our requests to those medical issues specifically, I would be happy to discuss that with you, as well as the terms of any protective order containing appropriate privacy protections.

I would be happy to discuss these issues further if you wish.

At your request, attached is a copy of the requests in WORD format.

Best Regards,

Bill

William R. Dabney, Holland & Hart LLP, (303) 295-8368, Fax (720) 235-0229, wrdabney@hollandhart.com
CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail.

---

**From:** Thomas G. Jarrard [mailto:tjarrard@att.net]
**Sent:** Wednesday, August 19, 2015 3:41 PM
**To:** William Dabney; Matthew Crotty; Thomas G. Jarrard
**Subject:** QUick v. Frontier --- Discovery of Medical Info Cases to Dabney

Mr. Dabney,

Sorry, my car was busted into this morning, so I just got to this now.

Anyway, in determining the discoverability of medical information the relevance-analysis starts and ends with whether the plaintiff makes claims for emotional distress or like general damages.[1][1] The cases in this district and the Tenth Circuit are uniform. *Infra.* Here, there are no medically related claims, defenses or general damages sought. Mr. Quick filed claims under USERRA for discrimination[2][2] (4311), reemployment[3][3] (4312/4313), denial of benefits (4316) and pension benefits (4318). None of these claims involve medical information. In fact, a USERRA plaintiff is not entitled to seek general damages.[4][4] Thus, even if it could be argued that Mr. Quick somehow placed his disability into controversy (*e.g.* for Rule 35 purposes), which he has not, there is no issue in this case that could possibly turn upon his medical information.

Again, I encourage you to examine these cases and locate anything to the contrary. If so, email that analysis and authority to me. If not, then withdraw the medical related discovery items so we can dispose of this matter. Thanks again for your efforts to resolve this without further work.



*Fox v. Gates Corp.,* 179 F.R.D. 303 (D. Colo. 1998)

*Simpson v. Univ. of Colo.,* 220 F.R.D. 354, 359 (D. Colo. 2004)

*EEOC v. Original Honeybaked Ham Co. of Ga., Inc.,* 2012 U.S. Dist. LEXIS 37107, 8-9 (D. Colo. Mar. 19, 2012) (Civil Action No. 11-cv-02560-MSK-MEH)

*Combe v. Cinemark USA, Inc.,* 2009 U.S. Dist. LEXIS 99820, 5-6 (D. Utah Oct. 26, 2009)( Case No. 1:08-cv-142 TS)

*Lovato v. Burlington Northern & Santa Fe Ry.,* 200 F.R.D. 448, 452 (D. Colo. 2001)

*Bohm v. Reckitt Benckhiser Pharms., Inc.,* 2014 U.S. Dist. LEXIS 154475 Dist of Colo. 2014)(Civil Action No. 14-cv-01129-MJW)

*Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 657 (D. Kan. 2004)

*Carbajal v. Warner,* 2013 U.S. Dist. LEXIS 36864 (D. Colo. Mar. 18, 2013)( Civil Action No. 10-cv-02862-REB-KLM)

*Weatherspoon v. Provincetowne Master Owners Ass'n,* 2010 U.S. Dist. LEXIS 36420 (D. Colo. Mar. 15, 2010)(Civil Action No. 08-cv-02754-MSK-KLM)

*Seybold v. Weld County Sheriff's Office,* 2008 U.S. Dist. LEXIS 105134 (D. Colo. Dec. 22, 2008)(Civil Action No. 08-cv-00916-DME-MJW)

Rule 35 Exam (Same, plus good cause standard) *LeFave v. Symbios, Inc.,* 99-Z-1217, 2000 U.S. Dist. LEXIS 22278, 2000 WL 1644154, *2 (D. Colo. 2000); *See also Schlagenhauf v. Holder,* 379 U.S. 104, 118, 13 L. Ed. 2d 152, 85 S. Ct. 234 (1964)

Thomas G. Jarrard, JD, MBA
A USERRA Lawyer

Law Office of Thomas G. Jarrard PLLC
1020 N. Washington Street

Spokane, WA 99201
(425) 239-7290
Fax 509-326-2932
TJARRARD@ATT.NET

http://www.servicememberlaw.com/

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290, and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

[1][1] By like damages, I mean "garden variety" emotional damages which are not alleged in this case.  *See Simpson v. Univ. of Colo.,* 220 F.R.D. 354, 359 (D. Colo. 2004) ("application of Rule 26(b)(1) must start with an explication of the specific claims and defenses asserted.")

[2][2] *See Carroll v. Del. River Port Auth.,* 2015 U.S. Dist. LEXIS 24455 (D.N.J. Mar. 2, 2015)("[C]laims of discrimination based on a disability arising from military service are not cognizable under USERRA.")

[3][3] "To demonstrate entitlement to reemployment [under 38 U.S.C. §§ 4312-4313], veterans need only show that they meet the reemployment provisions' four prerequisites: proper notice to his employer in advance of his departure, a service period of less than five years, a timely request for reemployment accompanied by proper documentation, and a separation from military service under "honorable  conditions."  If a veteran satisfies these four prerequisites, then the reemployment provisions prohibit an employer from limiting or delaying his reemployment rights in any way."  *Petty v. Metro. Gov't of Nashville,* 687 F.3d 710, 716-717 (6th Cir. Tenn. 2012)(citation omitted).

[4][4] 38 U.S.C. § 4323(d)(1)(b); *See Barreto v. ITT World Directories, Inc.,* 62 F. Supp. 2d 387, 395-96 (D.P.R. 1999)(Emotional distress and punitive damages claims are not recoverably under USERRA.

## Attachments

- WORD version Def's Disc Requests.docx (37.01KB)

# EXHIBIT F

Print

https://us-mg4.mail.yahoo.com/neo/launch#mail

| | |
|---|---|
| **Subject:** | Re: QUick v. Frontier --- Discovery of Medical Info Cases to Dabney |
| **From:** | Law Office of Thomas Jarrard PLLC (tjarrard@att.net) |
| **To:** | WRDabney@hollandhart.com; matt@crottyandson.com; |
| **Date:** | Saturday, August 22, 2015 6:56 AM |

Ok then we'll disagree.  I'll add it to the call.

As to your first point, great catch Mr. Dabney.  There are no USERRA cases (anywhere) discussing the relevance of the plaintiff's medical information to claims or defenses in USERRA because medical information is not relevant to any issue in a USERRA claim.  And it's not relevant here either.  I asked you for contrary authority and you provided none.

As to your argument regarding relevance to your clients' USERRA defense to the discrimination claim, it sounds pretty attenuated or thin as is, it will be interesting to hear that refined or explored more deeply.  I will be amazed if there is any authority in any employment law realm to support that, let alone a USERRA case.

Anyway, in the call I'll ask you again for actual authority and what claims or defenses medical information is relevant to, i.e. makes more or less likely ect.. in this case.

Sent from my iPhone

Thomas G. Jarrard JD MBA
A USERRA Lawyer
Law Office of Thomas Jarrard, PLLC
1020 N Washington St
Spokane, WA 99201
Off/cell 425-239-7290
Fax 509-326-2932
T.Jarrard@att.net
http://www.servicememberlaw.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290 and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

On Aug 21, 2015, at 14:08, William Dabney <WRDabney@hollandhart.com> wrote:

Mr. Jarrard,

Thank you for sending the authorities you referenced regarding discovery of Mr. Quick's alleged disability and medical records.  After carefully reviewing them and considering your arguments, we cannot agree that they support your request that we withdraw the pending discovery requests.

First, none of the cases you cite are USERRA cases, nor do they support the blanket proposition you assert that emotional or general damages is the only instance when such discovery is proper.  That appears to be merely a common scenario and nothing more. Second, to the extent you characterize the discovery issue here as whether Mr. Quick has made a claim putting his alleged disability condition into issue, it is clear he has done just that.  Mr. Quick plainly alleges a violation of USERRA under 38 USC 4312 and 4312 in part because of Defendants' alleged "failing or refusing...to make reasonable efforts to accommodate Mr. Quick's disabilities." *See* Complaint, paragraph 67(e).  Therefore, Defendants are entitled to discovery on the issues relating to the alleged disability, and what required accommodations were allegedly denied.  Respectfully, plaintiff cannot reasonably or credibly insist that Defendants or the Court simply take Plaintiff's word that he has unknown disabilities that need some unknown accommodation, and that Defendants are liable for not doing so, without having to provide any evidence or proof for those contentions through the discovery process.

Moreover, lack of cooperation and information from Mr. Quick about his alleged disability and need for accommodations is a legitimate, non-discriminatory reason underlying Defendants' conduct, and we are entitled to discovery that would tend to prove that defense to Plaintiff's discrimination claim.  The nature of the alleged disability and allegedly denied accommodations would be relevant to that defense.

11/6/2015 4:20 PM

# EXHIBIT G

| | |
|---|---|
| **Subject:** | Discovery Dispute call follow up |
| **From:** | Thomas G. Jarrard (tjarrard@att.net) |
| **To:** | wrdabney@hollandhart.com; matt@crottyandson.com; tjarrard@att.net; |
| **Date:** | Thursday, September 10, 2015 5:01 PM |

Mr. Dabney,

First, thanks for the extra two weeks. I will serve all responses on October 1, 2015.

With regard to Mr. Quick's Medical Information, we scheduled a call in to the court to for Monday September 14th at 10 Pacific, 11 Mountain time.

With regard to our discovery objections and seeking a protective order, the objection that will be made to Interrogatories Nos. 4, 5, 6 and 13; and Requests for Production Nos. 4, 11 and 15 will be:

"Pending the resolution of a court order in this case the information requested from Mr. Quick is his private, and potentially privileged, medical information, which is outside the scope of discovery, as it is not relevant to any actual claims or defenses in this case. *See* 38 U.S.C. §§ 4303(15), 4311(c), 4312(d)(1)(A)-(B); 4313; 4316, 4318 and 4323(d)(1)(C) and will not be produced."

Our dispute is that is essentially a cart-before-the-horse problem; where we are both calling the cart and horse different things. And, this is the same stumbling block I identified when we were at the scheduling conference. Defendants believe Mr. Quick's medical information is: (a) relevant to identifying an appropriate reemployment position under 38 USC 4312 and 4313; and that (b) Mr. Quick was required to provide that information to Defendants (or Defendants needed that information) before reemploying Mr. Quick to an appropriate position. Mr. Quick disagrees, and asserts that under USERRA Defendants have the obligation to reemploy him first, "and only then," when determining the particular position in which to reemploy Mr. Quick, can Defendants consider his "disabilities" or his "present capabilities." *See Brown v. Prairie Farms Dairy, Inc.*, 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012; *see also* 38 U.S.C. §§ 4312, 4312, 20 C.R.F. §§ 1002.225-226. Clearly, we disagree on these issues, and these are matters of law that will need to be determined by the court.

Previously, in our emails exchanges, I outlined our legal authority showing that the lack of any claims for general damages eliminates any relevance regarding Mr. Quick's medical information, as well as good cause for a Rule 35 exam. I understand your disagreement centered, not on relevance as it relates to damages, but on the "circumstances of the case" what is at issue in the case, what defendants needed to place Mr. Quick in a proper escalator position, and what defendants need to show for their defenses. I did not hear or see any contrary argument regarding relevance and the issue of damages.



Today, I requested from you what legal authority which you believe supports you clients' positions, and I heard from you that, *e.g.* ADA cases follow a proscribed approach regarding disability accommodation, and that the commentary to the USERRA Regulations 20 C.F.R. 1002.225 and 226 (Federal Register /Vol. 70, No. 242 /Monday, December 19, 2005 /Rules and Regulations 75277) provides support for the contention that the employee is required to provide information about his disabilities. However, upon reading that section, the language says "the employee is required to provide information on[...] the extend of disability". Here there is no dispute Mr. Quick gave Frontier information on the extent of his disabilities and present capabilities, when he informed frontier that he would not be able to qualify for FAA certification for the purposes of flying commercial aircraft. The comments provide further instruction which squarely rejects the propositions that any responsibility for identifying a reemployment position rests with the employee, rather that is exclusively the obligation of the employer, and, more importantly DOL rejected any attempt to incorporate ADA provisions or regulation to USERRA, *inter alia*, as "there are significant differences in the coverage of the two statues." *Ibid.*

Prior to our call with the court I ask that you to look at how these issues were resolved in *Brown v. Prairie Farms*, as both of your clients' contentions are also flatly rejected in that case where it addresses the defendant's arguments regarding the plaintiff's physical abilities and medical information (which are essentially the exact same as those asserted in Mr. Quick's case). The *Brown* court held that:

"such considerations cannot be taken into account before reemployment. Put differently, once Plaintiff has satisfied the prerequisites in § 4312—which the Court has already found Plaintiff to have done—then Plaintiff must be reemployed, and only then, when determining the particular position in which to reemploy Plaintiff, can Defendant consider Plaintiff's qualifications."

*Brown v. Prairie Farms Dairy, Inc.*, 872 F. Supp. 2d 637, 645 (M.D. Tenn. 2012) (Note 4 in that Order, and the preceding section III((B) squarely reject the contentions that inquiry into Mr. Quick's medical information or disabilities was proper, or necessary to his reemployment.) Another case, *Petty* cited in *Brown*, addresses similar issues and is helpful as a guideline regarding "documentation" prior to full reemployment.



If you have any authority, aside from the commentary to the regulations mentioned above, please provide that prior to our call with the court, or if you have any quesiton about the authority above, give me a call directly. Also, if it is possible to get a response regarding production to the questions regarding FAPA invest items before the court call, then let me know and we should include that in the court call too, and kill two birds with one phone call.

Thanks again for you time today, I look forward to resolving these issues soon so we can move on in the case.

Thomas G. Jarrard, JD, MBA
A USERRA Lawyer

Law Office of Thomas G. Jarrard PLLC
1020 N. Washington Street
Spokane, WA 99201
(425) 239-7290
Fax 509-326-2932
TJARRARD@ATT.NET

http://www.servicememberlaw.com/

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290, and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

# EXHIBIT H

| Subject: | Re: Discovery Dispute call follow up |
|---|---|
| From: | Law Office of Thomas Jarrard PLLC (tjarrard@att.net) |
| To: | WRDabney@hollandhart.com; matt@crottyandson.com; |
| Bcc: | tjarrard@att.net; |
| Date: | Sunday, September 13, 2015 9:18 PM |

OK,

No problem, let's play it by ear, and skip the AM call tomorrow.  I have a busy week however.

Day long...Tuesday and Thursday depos, and Dist court conference on Friday.

Wednesday is about all I have open, in the AM and then after 3PM.

Let me know, when you know.  But we shouldn't push it off too far either.

Also, let me know if you have any helpful authorities as well.

Sent from my iPhone

Thomas G. Jarrard JD MBA
A USERRA Lawyer
Law Office of Thomas Jarrard, PLLC
1020 N Washington St
Spokane, WA 99201
Off/cell 425-239-7290
Fax 509-326-2932
TJarrard@att.net
http://www.servicememberlaw.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290 and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

On Sep 13, 2015, at 21:08, William Dabney <WRDabney@hollandhart.com> wrote:

Mr. Jarrard,

I agree with your suggestion to try and kill two birds with one stone and attempt to resolve all potential discovery issues that we may have in one session with the Court.  I am informed that I will not have an answer regarding the FAPAInvest information and the other issues we discussed regarding your requests to Defendants by tomorrow morning.  I therefore believe it makes sense to wait on calling the Court until later in the week, when we can present as many pending issues as we may have in one call.  Please let me know if you object to proceeding this way.  I should have ample availability later in the week.

Best Regards,

Bill

William R. Dabney, Holland & Hart LLP, (303) 295-8368, Fax (720) 235-0229, wdabney@hollandhart.com
**CONFIDENTIALITY NOTICE:** This message is confidential and may be privileged. If you believe that this email
has been sent to you in error, please reply to the sender that you received the message in error; then please delete this
e-mail.

**From:** Thomas G. Jarrard [mailto:tjarrard@att.net]
**Sent:** Thursday, September 10, 2015 5:58 PM

# EXHIBIT I

| Subject: | Re: Discovery Dispute call follow up |
| --- | --- |
| From: | Law Office of Thomas Jarrard PLLC (tjarrard@att.net) |
| To: | WRDabney@hollandhart.com; matt@crottyandson.com; |
| Bcc: | tjarrard@att.net; |
| Date: | Thursday, September 24, 2015 3:08 PM |

Thanks, Mr. Dabney;

So, if the remaining docs are coming next week, then we should set up after they are served.

In the mean time I will review what you have here and let you know if there is any issue.

Also, re medical information, if you have any authority, aside from the commentary to the regulations mentioned in my prior email please let me know. 

Sent from my iPhone

Thomas G. Jarrard JD MBA
A USERRA Lawyer
Law Office of Thomas Jarrard, PLLC
1020 N Washington St
Spokane, WA 99201
Off/cell 425-239-7290
Fax 509-326-2932
TJarrard@att.net
http://www.servicememberlaw.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290 and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

On Sep 24, 2015, at 13:33, William Dabney <WRDabney@hollandhart.com> wrote:

Mr. Jarrard,

My apologies for the delay.  I have the following to disclose, update and report.

1.    Attached please find a First Supplemental Privilege Log and documents pertaining to Frontier's response to RFP No. 8 to FA.  The last installment of such documents and accompanying log will be produced in the next few days.

2.    Also find attached a supplemental Response to RFP No.2 to FA.

3.    Per your request regarding the pay statement document for Mr. Quick for attendance at orientation, see Bates No. FA00727.

4.    Per your request regarding Bates #'s for documents responsive to RFP No. 1 to FA, see Bates Nos. FA00746 to FA00754.

5.    Attached please find a supplemental response to RFP No. 3 to FA regarding carrier revenue for the year 2014.

6.    Per your request, see Bate #'s FA00896-FA01256, FA0001, and FA00434-FA00436 in regard to the response to RFP No. 7 to FA.

7.    As we discussed, please find amended discovery responses from Defendant FA to the following:  Amended Response to RFA No. 2 to FA; Amended Response to RFA No. 3 to FA;  Amended Response to RFA No. 19 to FA.

8.    Regarding Int. Nos. 14-17 to FA, and RFP Nos. 18-21 to FA, (all pertaining to FAPAInvest plans), my client is willing, as a compromise, to produce the plan documents themselves and any amendments, for the Profit Sharing Plan and the Phantom Equity Plan.  We will do so under a protective order, and

# EXHIBIT J

Print

| Subject: | Response to your motion Dkt 30 |
| --- | --- |
| From: | Thomas G. Jarrard (tjarrard@att.net) |
| To: | wrdabney@hollandhart.com; matt@crottyandson.com; tjarrard@att.net; |
| Date: | Friday, October 30, 2015 2:33 PM |

Bill,

Throughout your memo (pg 3, ¶ 2, Pg 6 ¶ 3, Pg 9 ¶ 3, pg 12 ¶ 1), without any supporting citations to a record or otherwise, you represent to the court that, before the filing of the lawsuit, defendants repeatedly asked Mr. Quick about his disabilities.

I did not contemplate that. In fact I was quite surprised because, as I know the records and facts of this case that is not true or supportable; not even a single such event. So, I won't be able to turn my response around in a few days as we planned. However, if you have bates numbered page/s to support those assertions, then that might help me. Otherwise, I will need to review the record more closely (again), so I can tell the court that those assertions are false and unsupportable.

My request is that you provide to me bates numbers that support those alleged facts. If so, then I may be able to turn my response around as we had planned. If you think that a demand to submit a long-term disability benefit form is support for those assertions, then just say so, and I will provide that in my response and, clearly, inform the court how very different that is from what is presented throughout the motion.

If not, and you tell me you have no record cites, then I will tell the court I asked and they don't exist, and I may still be able to turn it around quickly.

If you don't respond either way by COB Monday, I'll note that in my memo and commence my review of the record again. But, I won't be able to turn that around as we planned, and I will file a short notice with the court to that effect.

Thanks.

Have a great weekend.
Thomas G. Jarrard, JD, MBA
A USERRA Lawyer

Law Office of Thomas G. Jarrard PLLC
1020 N. Washington Street
Spokane, WA 99201
(425) 239-7290
Fax 509-326-2932
TJARRARD@ATT.NET

http://www.servicememberlaw.com/

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Do not disseminate without the approval of the Sender. If you are not the intended recipient of this e-mail, you are hereby notified any dissemination, distribution, or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you receive this e-mail in error, please immediately notify me at 425.239.7290, and permanently delete the original copy, any other copy of the e-mail, and any printout thereof.

# EXHIBIT K

Federal Register / Vol. 70, No. 242 / Monday, December 19, 2005 / Rules and Regulations     75277

employee is entitled. As a result, the Department has removed the section in its entirety from the final rule.

*Disabled Employees*

USERRA imposes additional requirements in circumstances involving the reemployment of a disabled service member. A disabled service member is entitled, to the same extent as any other individual, to the escalator position he or she would have attained but for military service. If the disability is not an impediment to the service member's qualifications for the escalator position, then the disabling condition is irrelevant for USERRA purposes. If the disability limits the service member's ability to perform the job, however, the statute imposes a duty on the employer to make reasonable efforts to accommodate the disability. 38 U.S.C. 4313(a)(3). In some instances, an employer is unable to accommodate a service member's disability despite reasonable efforts. If, despite the employer's reasonable efforts to accommodate the disability, the returning disabled service member cannot become qualified for his or her escalator position, that person is entitled to be reemployed "in any other position which is equivalent in seniority, status, and pay, the duties of which the person is qualified to perform or would become qualified to perform with reasonable efforts by the employer." 38 U.S.C. 4313(a)(3)(A). If no such position exists, the service member is entitled to reemployment "in a position which is the nearest approximation * * *in terms of seniority, status, and pay consistent with circumstances of such person's case." 38 U.S.C. 4313(a)(3)(B). See, e.g., *Hembree* v. *Georgia Power Co.,* 637 F.2d 423 (5th Cir. 1981); *Blake* v. *City of Columbus,* 605 F. Supp. 567, 571 (D. Ohio 1984).

Section 1002.225 sets forth the priority of reemployment positions for which the disabled service member should be considered. The regulation also implements the statutory requirement for reasonable accommodation of the returning service member's disability. Such accommodations may include placing the reemployed person in an alternate position, on "light duty" status; modifying technology or equipment used in the job position; revising work practices; or, shifting job functions. The appropriate level of accommodation depends on the nature of the service member's disability, the requirements for properly performing the job, and any other circumstances surrounding the particular situation. See 38 U.S.C.

4303(9), (10), and (15); 4313(a)(3); H.R. Rep. No. 103–65, Pt. I, at 31 (1993); S. Rep. No. 103–158, at 53 (1993).

Section 1002.226 establishes that the employer must make reasonable accommodations for any disability incurred in, or aggravated during, a period of service. The accommodation requirement is not limited to disabilities incurred during training or combat, so long as they are incurred during the period of service. Any disability that is incurred or aggravated outside of a period of service (including a disability incurred between the end of the period of service and the date of reemployment) is not covered as a service-related disability for USERRA purposes. The disability must have been incurred or aggravated when the service member applies for reemployment, even if it has not yet been detected. If the disability is discovered after the service member resumes work and it interferes with his or her job performance, then the reinstatement process should be restarted under USERRA's disability provisions.

A returning service member may have rights under USERRA based on a service-related disability that is not permanent. A service member who incurs a temporary disability may be entitled to interim reemployment in an alternate position provided he or she is qualified for the position and the disability will not affect his or her ability to perform the job. If no such alternate position exists, the disabled service member would be entitled to reinstatement under a "sick leave" or "light duty" status until he or she completely recovers.

In identifying an alternate position for a disabled service member, the focus should be on the returning service member's ability to perform the essential duties of the job. The position must be one that the person can safely perform without unreasonable risk to the person or fellow employees. The disabled service member is required to provide information on his or her education and experience, the extent of the disability, and his or her present capabilities. The employer then has the duty to disclose all positions that the service member may be qualified to perform. Because the employer has greater knowledge of the various positions and their requirements in the organization, the employer, and not the service member, is exclusively responsible for accommodating the disability by identifying suitable positions within the service member's abilities and capabilities.

The Department received four comments regarding the provisions

implementing USERRA's requirements concerning the reemployment of a disabled service member. One commenter suggests that the Department should amend section 1002.225 to moderate the employer's duty to make reasonable efforts to accommodate the disability to reflect that an employee should bear some responsibility in cooperating in his or her own reemployment. The Department views the statute as imposing a duty on the employer to make reasonable efforts to accommodate the disability. 38 U.S.C. 4313(a)(3). In addition, as stated above, because the employer has greater knowledge of the various positions and their requirements in the organization, the burden is appropriately placed on the employer. Nevertheless, it is customary to assume that an employee seeking reemployment will cooperate with the employer's reasonable efforts to accommodate a disabled employee.

The Department received two comments regarding this provision from one commenter. The commenter requested that the provision include a statement indicating that as with a non-disabled employee, a disabled employee is entitled to reemployment on the escalator position. The commenter also requested that the Department indicate in section 1002.225(b) that in reemploying a returning service member in "the nearest approximation" to the equivalent escalator position, such position may be one that is higher or lower, depending on the circumstances. The Department agrees that both suggestions clarify the text of the final rule, and has made the amendments. See section 1002.225.

Finally, the Department received a suggestion that it employ the ADA's regulatory standards, in particular, the ADA's provisions concerning a "qualified individual with a disability" and "reasonable accommodations." The Department declines this suggestion because neither term is used in USERRA. In addition, although interpretations of the ADA may be useful in providing some guidance under USERRA's provisions regarding accommodating an employee with a disability, the Department is reluctant to adopt extensive portions of complex regulations promulgated under other statutes not administered or enforced by the Department, and notes that there are significant differences in the coverage of the two statutes. For example, the ADA covers only "disabilities" as defined in that statute, whereas USERRA covers any disability incurred in or aggravated during service in the uniformed services.