**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:15-cv-765-REB-KMT

EDWARD K. QUICK,

       Plaintiff,

v.

FRONTIER AIRLINES, INC., and MICHELE ZEIER, an individual,

       Defendants.

**ORDER DENYING DEFENDANTS' MOTION TO COMPEL AND GRANTING PLAINTIFF'S MOTION FOR AN ORDER OF PROTECTION PROTECTING FROM DISCLOSURE MEDICAL RECORDS AND DISABILITY-RELATED INFORMATION**

       This matter is before the court on Defendants' "Motion to Compel", Dkt. No. 30, and on "Plaintiff's Motion for Protective Order", Dkt. No. 33.  The motions and responses were referred to Magistrate Judge Kathleen M. Tafoya, and heard on 11/13/2015.  All motions are fully briefed and ripe for review and ruling.

       The court makes the following **FINDINGS:**

       1.    Mr. Quick brought claims against his employer, Frontier Airlines, pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 ("USERRA").  Mr. Quick's claims allege that Frontier willfully violated his USERRA rights: <u>first</u>, by failing to promptly and properly reemploy him

following his honorable discharge from the United States Army, <u>second</u>, by discriminating against Mr. Quick because he exercised his rights under USERRA, and <u>third</u>, by failing to provide the benefits of employment required under USERRA.  Mr. Quick seeks reemployment, lost wages and benefits, and liquidated damages.  Mr. Quick is not seeking emotional distress or other general damages. (Dkt. No 1 at 11-14). The pending motions concern discovery that was directed towards Mr. Quick's reemployment claim and damages. (Dkt. 30 at 7-8; 30-1)

2. The purpose of the USERRA, *inter alia*, is "to minimize the disruption to the lives of persons performing service in the uniformed services … by providing for the prompt reemployment of such persons upon their completion of such service[.]" 38 U.S.C. § 4301 (a)(2).  Accordingly, "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services shall be entitled to the reemployment rights and benefits and other employment benefits" of the USERRA upon certain conditions, 38 U.S.C. § 4312(a), including separation from the military honorably. *See* 38 U.S.C. § 4304.  Here, Mr. Quick retired from the military, and he demonstrated to his entitlement to seek relief under the USERRA by providing Defendants with his military discharge form DD-214 and various orders requiring his absence from employment, including orders activating him for duty in Operation Iraqi Freedom.  (Dkt. No. __ at ¶ 9, Quick Decl., EXHIBIT A)

3. The affirmative defenses to a USERRA reemployment claim are stated in 38 U.S.C. § 4312(d).

4. The Defendants seek Mr. Quick's medical files from the military and private treatment providers, and that he "describe in detail" the disabilities he incurred on active duty "including the nature of any injury" and "how such condition was sustained […]" (Dkt. 30-1 at 7-8).

5. Defendants assert that the information they seek is relevant to the *undue hardship defense*, 38 U.S.C. § 4312(d)(1)(B) and to Mr. Quick's alleged damages, *i.e.*," to elicit information relevant to the questions of which, if any, essential job functions Plaintiff can perform relative to the positions in which he now claims Frontier unlawfully failed to reemploy or accommodate him. Also, this discovery is obviously relevant to the position-related front and back pay damages he apparently intends to seek." (Dkt. No. 30. at 5.)

6. For its affirmative defense, Defendants bear the burden of proving an "undue hardship" as defined in 38 U.S.C.§ 4303 (15). *See* 38 U.S.C. § 4312(d)(2); 20 C.F.R. §1002.39(d). Undue hardship is defined only in terms of the actions taken by a defendant that impose great difficulty on the financial resources of a defendant. *Id.* The undue hardship defense does not require an exploration into a plaintiff's medical or disability information. *Id.* There is no discussion in the pertinent statute or regulations that touch upon a plaintiff's medical information.

7. A USERRA plaintiff's medical information is not relevant to claims for damages. A USERRA plaintiff is not entitled to seek emotional distress or general damages. *See* 38 U.S.C. § 4323(d)(1)(b); *Barreto v. ITT World Directories, Inc.*, 62 F. Supp. 2d 387, 395-96 (D.P.R. 1999)(Emotional distress damages are not recoverably

3

under USERRA.)  Here, Mr. Quick's only seeks damages for lost wages and benefits. (Dkt. No. 1 at 14-15).

8. Plaintiff's objections to Defendants' First Set of Discovery Requests, Interrogatory Nos. 4, 5, 6,13, and 15, and Requests for Production Nos. 4, 11 and 15, pertaining to medical records, disability benefit documents and records, and a release for the medical records, are well founded and sustained.  The requests seek private medical information that is not relevant to any claims, defenses or damages in this case, and do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

9. I find good cause to order that no inquiry be made into Mr. Quick's private medical information.  The plaintiff in a simple USERRA reemployment case should not be required to disclose his most personal and private matters, where, as here, those matters will have no impact in the case other than prejudice, embarrassment or humiliation.

10. Defendants' inquiries into Mr. Quick's war time injuries or other medical information are an unjustified invasion of privacy.   Mr. Quick has already been harmed by Defendants' motion, where it disclosed his private medical information to the public.  Even if Mr. Quick's injuries had some relevance to this case, the prejudice to him would far outweigh any utility that information may have because it is clear such disclosures would only further humiliate Mr. Quick.

11. For the forgoing reasons, I also find that Mr. Quick should not be required to respond to Defendants' Second Set of Discovery Requests, containing Requests for

Production Nos. 16 and 17, and pertain only to Plaintiff's social security disability records and a release for the same. The requests are not relevant to any claims, defenses or damages in this case. Defendants may not to inquire further upon these matters in discovery, including deposition questions.

12. Defendants improperly filed records and information concerning Mr. Quick's private medical information, for no good cause. *See* (Dkt. No. 30 and 30-3) Private medical information should not be presented to the court in a fashion that would usurp the good faith meet-and-confer requirements of the parties' own Stipulated Protective Order. (Dkt. No 29). In addition, the parties are warned not to publically file confidential materials or information without first conferring and following the procedures they agreed to in that Order.

Wherefore, it is **ORDERED:**

1. Defendants "Motion to Compel", Doc. No. 30 is **DENIED**, in its entirety.

2. "Plaintiff's Motion for a Protective Order" protecting his private medical information from further disclosure, Dkt. No. 31 is **GRANTED.**

3. The Clerk is directed to strike Docket Nos. 30 and 30-3 from public view.

4. Counsel for Plaintiff is directed to file, within 14 days, the Plaintiff's motion for reasonable attorney fees and costs incurred in defending against the motion to compel and

5

seeking the motion for protective order.  Defendant shall file a response no later than 12/7/2015.

Kathleen M. Tafoya

_____            _____
United States Magistrate Judge            Date


seeking the motion for protective order.  Defendant shall file a response no later than 12/7/2015.

Kathleen M. Tafoya

_____            _____
United States Magistrate Judge            Date