IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00765-REB-KMT

EDWARD K. QUICK,

      Plaintiff,

v.

FRONTIER AIRLINES INC. and MICHELE ZEIER, an individual,

      Defendants.

---

## DEFENDANTS' MOTION TO COMPEL IMMEDIATE COMPLIANCE WITH THE COURT'S DISCOVERY ORDERS, FOR RULE 37 SANCTIONS, AND FOR IMMEDIATE STATUS CONFERENCE

---

Defendants  Frontier Airlines, Inc. ("Frontier") and Michelle Zeier (collectively "Defendants"),  hereby respectfully move this Court for an order compelling Plaintiff Edward Quick  to immediately comply with the Court's Minute Orders of November 13th and 19th, 2015 (Dkt. 38; 46)(hereinafter "Discovery Orders) regarding production of medical records and information, disability applications and documentation, and execution of records releases (*see* Dkt. 30).  Defendants also request that Plaintiff be assessed sanctions under Fed. R. Civ. P. 37(b)(2) (C) in ordering him to pay the Defendants' legal fees and costs associated with this Motion.  Defendants also hereby move this Court, at its discretion, for a forthwith hearing, immediate status conference, or other proceeding to discuss a mandatory timeline for completing all discovery in this matter, including a date certain for Plaintiff's deposition.

## I.      Introduction.

As required by D.C.COLO.LCivR 7.1(A) and Fed. R. Civ. P. 37(a), Defendants' counsel has communicated by email with Plaintiff Quick in regard to the matters herein.  (Mr. Quick is currently *pro se*.)  That correspondence to date is attached as **Exhibit 1**.  Late on November 30, 2015, Mr. Quick inquired of Defendants' counsel about yet another, unspecified "extension" to comply with the Court's Discovery Orders. His responses were due that day (Dkt. 46). Plaintiff indicated that he would be retaining new counsel imminently.  Undersigned counsel responded that Plaintiff could represent to the Court that Defendants would not object to an additional five-day extension, until December 4, 2015, but that a status conference with the Court may be necessary given the continued delay.

Despite this concession, Plaintiff then failed to move the Court for any further extension, though the Court had already cautioned him to comply with all appropriate rules of civil procedure (*See* Dkt. 46).  Plaintiff also did not, as he had represented, engage any new counsel that week, nor has he done so to date.  Undersigned counsel again emailed Plaintiff on December 7, 2015, stating that Defendants could not accept Plaintiff's ongoing delays, and asked that he immediately advise his position regarding the Defendants' intent to file this motion.  Plaintiff replied that he still needed more time to hire new counsel, and made no response at all regarding his obligation to produce the outstanding discovery.  Undersigned counsel then advised Plaintiff on December 8, 2015 that further delay was not acceptable, and indicated Defendants' intent to file the instant motion.  It is now nine days and counting beyond  the second *extended* deadline for Plaintiff's compliance with the Discovery Orders.

**II.     Defendants Are and Continue To Be Prejudiced by  Plaintiff's Noncompliance with the Court's Orders.**

Defendants must immediately receive the discovery Plaintiff is refusing to produce in order to move forward with their defense.  Defendants have been, and continue to be, substantially prejudiced by Plaintiff's delays.  The discovery cut-off of January 18, 2015 is rapidly approaching. The deadline to serve additional written discovery is December 18, 2015. Defendants were unable to proceed with their previously-noticed and scheduled deposition of Plaintiff on November 20, 2015, because Plaintiff unaccountably fired his lawyer on November 15 (Dkt. 39), and then did not produce the discovery by November 18 as originally ordered (Dkt. 38).  Defendants requested this outstanding discovery some four months ago.[1]

Without this key medical and disability information, Defendants cannot proceed with Plaintiff's deposition or any potential follow-up written discovery, nor can they assess and develop their key defenses in the case.  Moreover, if and when Plaintiff ever does produce the records releases and the names of relevant medical providers, Defendants must still then pursue information from those third parties, the Social Security Administration, and the military, during the holiday season, when responses are likely to take additional time.  Defendants have been forced into a litigation standstill by Plaintiff's willful conduct, and will be forced to litigate under extreme time pressure if and when Plaintiff ever fully complies with the Discovery Orders. Plaintiff's dogged failure to produce any information cannot be allowed to continue.

---

[1]  Defendants in fact allowed Plaintiff's prior counsel an initial two-week extension back in September to make his original discovery responses, whereupon he objected to producing the information now outstanding.

**III.     This is Not the First Time Plaintiff Has Resisted an Order of this Court to Produce Personal Records.**

Defendants do not wish to burden the Court with lengthy references to past litigation. However, Defendants believe it highly relevant for the Court to consider that Mr. Quick has engaged in similar defiance of this Court's discovery orders in the past.  This is Plaintiff's second suit against Defendant Frontier Airlines, having also sued under USERRA in 2006. That case was dismissed on summary judgment in 2008.[2]  As here, in that case he also engaged in protracted discovery resistance by refusing to sign releases for his records from prior employers, despite being ordered to do so.

As recited in Frontier's *Motion to Compel Discovery and Reset Deadlines* filed January 12, 2007, (**Exhibit 2),** Plaintiff was ordered to sign such releases by Judge Hegarty in a teleconference with counsel on January 3, 2007  *See* **Exhibit 2** at ¶ 6. Plaintiff then refused to do so.  *Id.*, ¶¶ 7-9. Notwithstanding Judge Hegarty's clear orders, Frontier was forced to file its *Motion to Compel*, which Mr. Quick opposed. On January 25, 2007 Judge Hegarty *once again* ordered Mr. Quick to sign the records releases and produce the discovery. *See* **Exhibit 3** (Minute Order). Only then did Quick eventually comply.

In this case, Plaintiff is refusing to comply with discovery orders for personal records in much the same manner.  Frontier has little doubt that should Plaintiff finally obtain new counsel, his first move will be to try and renew his resistance to producing the medical and disability information the Court has already ordered disclosed, and further delaying these proceedings. The Court should not allow Mr. Quick's defiance to continue any longer.

_____
[2] *See* Civil Action No. 06-cv- 01054-EWN-MEH (USDC Colorado).

**IV.     Plaintiff Should Be Ordered to Pay Defendant's Legal Fees and Costs Associated With This Motion, and Further Sanctioned for Any Continued Disobedience.**

At least some of the prejudice caused by Plaintiff's continued noncompliance could have been alleviated had he done anything in the last three weeks to produce at least that portion of the required information which is easily within his ability to hand over to Defendants right now, without having to seek anything from third parties.  This includes executing the medical and social security records releases, producing any social security and military benefits applications and records which are in his personal possession, and providing a list of all relevant medical providers that he can recall.

But Plaintiff has made no effort to do even that much. To the contrary, he has continued his outright refusal to obey the Court's orders without *any* relevant justification.  His alleged difficulty in hiring new counsel is 1) his own fault, and 2) irrelevant to the issue of his failure to comply as ordered by the *extended* deadline ten days ago. The Court's Minute Order (Dkt. 46) reads as follows:

> Plaintiff is granted an extension to **November 30, 2015**, to provide responses and responsive documents required pursuant to this court's Order granting Defendant's Motion to Compel Discovery of Medical Records and Disability Related Information. (See Doc. Nos. 30 and 38.)

There is no contingency regarding Plaintiff's ability to hire new counsel, and the same is therefore irrelevant to his obligation to comply with the Discovery Orders.  Thus, Plaintiff's disobedience is not "substantially justified" and it would not be "unjust" to order him to pay Defendants fees and expenses associated with this Motion.  *See* Fed. R. Civ. P. 37(b)(2)(C). Defendants contend that at this point, such sanctions are appropriate.  If Plaintiff persists in his

non-compliance, the Court should then impose additional sanctions under Rule 37(b)(2), up to and including dismissal of this case with prejudice.

**V.     A Hearing or Status Conference is Necessary to Assure Plaintiff's Immediate Compliance With the Discovery Orders, to Set a Date Certain for Plaintiff's Deposition, And to Address all Remaining Scheduling Issues.**

At this point, Defendants have no idea when or if Plaintiff will comply with the Discovery Orders. The Court and Defendants need clarity as to Plaintiff's intentions, and counsel needs to plan in advance given travel commitments and approaching holidays. Assuming Plaintiff does substantially comply in the immediate future, the parties then will need to set a date for Plaintiff's deposition prior to the discovery cutoff. Defendants will ask the Court to order Plaintiff's appearance on the agreed date, regardless of any continued issues with representation. To the extent further relief may be needed on dispositive motion or other post cut-off deadlines, the Court and the parties can also discuss those issues at the status conference.

**WHEREFORE**, Defendants respectfully request:

1) Plaintiff be ordered to comply with the Discovery Orders immediately or face further sanctions, up to and including dismissal of his case with prejudice;

2) Plaintiff be ordered to pay Defendants' fees and costs associated with this Motion; and

3) the Court set a hearing or status conference with the parties as soon as the Court's schedule allows to discuss the extant discovery compliance and scheduling issues outlined herein.

DATED: December 9, 2015.

Respectfully submitted,

s/William R. Dabney
William R. Dabney
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone:  (303)295-8000
Facsimile:   (720) 235-0229
wrdabney@hollandhart.com

s/Brian M. Mumaugh
Brian M. Mumaugh
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, #500
Greenwood Village, CO  80111
Telephone:  (303) 290-1600
Facsimile:   (303) 713-6255
bmumaugh@hollandhart.com

s/Bradford J. Williams
Bradford J. Williams
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone:  (303)295-8000
Facsimile:   (720) 223-3271
bjwilliams@hollandhart.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2015, I have caused to be electronically filed the foregoing Defendants' Motion To Compel Immediate  Compliance With The Court's Discovery Orders, For Rule 37 Sanctions, and For Immediate Status Conference with the Clerk of Court using CM/ECF system. I have also emailed a copy of the foregoing and the associated proposed Order to Edward Quick at the email address ekquick@yahoo.com, and served the same by certified mail, return receipt requested, to the following address:

Edward Quick
16392 East Ida Ave.,
Centennial, CO 80015.

s/*William R. Dabney*
William R. Dabney
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202

8183825_1