UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 06-cv-01054-EWN-MEH

EDWARD K. QUICK,

    Plaintiff,

vs.

FRONTIER AIRLINES, INC.

    Defendant.

## MOTION TO COMPEL DISCOVERY AND RESET DEADLINES

Pursuant to Fed. R. Civ. P. 37(c), Defendant Frontier Airlines, Inc. ("Frontier"), through its counsel, Holland & Hart LLP, respectfully requests that this Court compel Plaintiff's production of releases to authorize Plaintiff's former employers to provide Frontier with necessary and relevant information related to, among other issues, Plaintiff's employment and litigation history and his credibility. This Court has already once instructed Plaintiff to produce the releases (on January 3, 2007, yet he continues to refuse. In support, Frontier states as follows:

1.     <u>Certificate of Compliance with D.C.ColoLCivR. 7.1 and Rule 37(a)(2)(B)</u>: Frontier's counsel certifies that he has conferred with Plaintiff's counsel, Mr. Krieger, regarding the production of the releases in an effort to avoid filing this motion. In an email message on January 10, 2007, Plaintiff's counsel stated that his client "may or may not refuse to sign the releases," and he "suggest[ed] that [Frontier] file [its] motion

1

[to compel.]" *See* email from Michael Krieger, Esq. to Brian Mumaugh, Esq., attached as Exhibit A.

2.  On December 28, 2006, Frontier deposed Plaintiff for just over one-half day, with the parties agreeing that the deposition would be continued at a later date. During the deposition, Frontier's counsel discovered that Plaintiff had failed to list in his application for employment several prior jobs with airline carriers from which Plaintiff had been terminated for cause.

3.  Additionally, the day preceding Plaintiff's deposition, Frontier's counsel learned of at least one and perhaps two other lawsuits Plaintiff had filed against other former employers who were also airline carriers, and at least one of those lawsuits included Plaintiff's claims of discrimination based on his military service. Despite being served a discovery request on September 8, 2006, which specifically requested detailed information about all prior litigation, Plaintiff withheld this information from his responses on October 9, 2006. He also was not forthcoming in his deposition testimony about these lawsuits.

4.  Due to Plaintiff's omissions and concealment in his job application, his discovery responses, and his deposition, the only way Frontier can uncover the facts on these issues is by requesting Plaintiff's employment records from his former employers. Accordingly, at Plaintiff's deposition on December 28, 2006, Frontier's counsel provided Plaintiff with copies of releases for his former employers and requested, on the record, that Plaintiff sign them. The goal was to obtain Plaintiff's employment records before the continuation of his deposition so that Frontier could resolve, among

2

other things, issues relating to Plaintiff's employment and litigation history and his credibility.

5. At the end of Plaintiff's deposition, his counsel requested time to discuss the releases with Plaintiff and agreed to contact Frontier's counsel the following day, December 29, 2006, with a response on the issue. It was not until Tuesday, January 2, 2007, however, that Plaintiff's counsel left a voice mail message for Frontier's counsel stating that Plaintiff refused to sign the releases. *See* transcription of voice mail message from Michael Krieger, Esq. to Brian Mumaugh, Esq., attached hereto as Exhibit B. In his message, Plaintiff's counsel suggested that the parties contact Magistrate Hegarty by phone for the purpose of getting a ruling from the Court "ASAP" on the issue of the releases. Because January 2nd was a federal holiday (for the funeral of Gerald Ford), the parties agreed to contact the Court the next morning. *See* email from Parker Dragovich, Esq. to Michael Krieger, Esq. dated January 2, 2007, attached hereto as Exhibit C.

6. On January 3, 2007, both counsel held a telephone conference with Magistrate Judge Hegarty regarding Plaintiff's refusal to sign the releases. In that telephonic hearing, Judge Hegarty instructed Plaintiff to sign the releases and provide them to Frontier. Later that same day, Frontier provided Plaintiff with copies of the releases for his signature. *See* email from Kim Browning to Michael Krieger, Esq., dated January 3, 2007, and attached hereto as Exhibit D.

7. On January 5, 2007, after allowing Plaintiff two days to comply, Frontier contacted Plaintiff's counsel via voice mail to determine the status of the releases. On

3

January 8, 2007, Frontier contacted Plaintiff's counsel via email again requesting the releases. *See* email from Kim Browning to Michael Krieger, Esq., dated January 8, 2007, attached hereto as Exhibit E. Counsel did not respond.

8. On January 8, 2007, Frontier left a voice mail message and sent two e-mail messages to Plaintiff's counsel again requesting the releases. *See* emails from Kim Browning and Parker Dragovich, Esq. to Michael Krieger, Esq., dated January 8, 2007. *See* Exhibit E. Late that afternoon, Plaintiff's counsel's secretary contacted Frontier's counsel. She informed Frontier's counsel that Plaintiff's counsel had received our messages. She stated that Mr. Krieger had a meeting scheduled that evening with Plaintiff to discuss further the issue of the releases, but Mr. Krieger had to cancel that meeting because he was leaving for a funeral out of state. She also informed Frontier's counsel that Plaintiff was still refusing to sign the releases, and that Mr. Krieger's staff would have access to email or voice mail messages during his absence.

9. Accordingly, in a last-ditch effort to avoid filing this motion, on January 10, 2007, Frontier emailed Plaintiff's counsel to request the releases. *See* email from Brian Mumaugh, Esq. to Michael Krieger, Esq., attached hereto as Exhibit F. Plaintiff's counsel responded that same day and recommended filing this motion. He also stated that his client "may or may not refuse to sign the releases," and as of the date of this filing, no releases have been received and Plaintiff has offered no indication that they will be forthcoming. *See* Exhibit A.

10. The discovery cut-off in this case is February 1, 2007, and the dispositive motion deadline is February 28, 2007. These deadlines have already been extended

4

once and will now need to be extended again because of Plaintiff's intransigence. Even if Plaintiff were to provide the releases immediately, it is very unlikely that Frontier would be able to obtain the required information from Plaintiff's former employers by the end of the discovery cut-off and would thus be unfairly precluded from using this information in Plaintiff's continued deposition. Plaintiff has shown no sign that he intends to sign the releases, thus forcing Frontier to file this motion.

11. Under Fed. R. Civ. P. 37(c), this Court may compel Plaintiff to produce the releases to further discovery where a party wrongfully refuses to comply with his discovery obligations or refuses to comply with the Court's discovery order. Here, Plaintiff's blatant refusal to follow Judge Hegarty's instruction to sign the releases has obstructed Frontier's ability to engage in discovery. Frontier is entitled to these records from Plaintiff's prior employers, especially given the fact that this information is relevant to issues relating to his employment and litigation history and may lead to the discovery of admissible evidence. At a minimum, the records are relevant to Plaintiff's credibility. *See* Fed. R. Civ. P. 26(b)(1). For example, Plaintiff denied having brought similar claims against former employers, yet Frontier has uncovered at least one lawsuit in which Plaintiff also asserted discrimination based on his military duty. Moreover, based on Plaintiff's testimony and the preliminary evidence Frontier has managed to unearth thus far, Plaintiff misrepresented his employment history on his job application.

12. Plaintiff also denied ever being terminated based on his ability to perform as a pilot, yet there is evidence to the contrary. This issue is a central one in the present litigation, because Plaintiff claims here that his repeated failures to qualify as a captain

at Frontier were not due to the documented problems with his performance, but rather some sort of conspiracy relating to his military service. Plaintiff's former employment records are critical to sorting out this issue.

13. Fed. R. Civ. P. 37(a)(4) authorizes this Court to award "the reasonable expenses incurred in making the motion, including attorneys' fees . . . ." Frontier has spent considerable time and effort trying to obtain the releases from Plaintiff. Plaintiff has been uncooperative and has refused to say whether he will sign the releases. Plaintiff still refuses to comply despite Judge Hegarty's instruction that he do so. *See* Fed. R. Civ. P. 37(b). Consequently, Frontier was forced to file this motion and is entitled to an award of attorneys' fees and costs associated with this motion.

14. Finally, Frontier reluctantly requests an extension of the discovery deadline from the current deadline of February 1, 2007, to thirty (30) days after the date Frontier receives the signed releases from Plaintiff, and a corresponding extension of the dispositive motion deadline. Plaintiff's refusal to cooperate in discovery has prejudiced Frontier's ability to conduct discovery and collect relevant information necessary for its defense. Without an extension of the discovery and dispositive motion deadlines, Plaintiff's defiance will be rewarded and Frontier will not have sufficient time to collect the requested information before completing Plaintiff's deposition or to prepare dispositive motions. Therefore, a reasonable extension of the discovery and dispositive motion deadlines is warranted.

WHEREFORE, Frontier respectfully requests that this Court compel Plaintiff's production of signed releases authorizing Frontier to obtain employment records from

Plaintiff's prior employers and award to Frontier its attorneys' fees and costs associated with this Motion. Frontier further requests an extension of the discovery cut-off until thirty days following the receipt of the signed releases and a corresponding extension of the dispositive motion deadline.

Dated this 12th day of January, 2007.

>
> s/ Parker W. Dragovich
> Brian M. Mumaugh
> bmumaugh@hollandhart.com
> Parker W. Dragovich
> pdragovich@hollandhart.com
> HOLLAND & HART LLP
> 8390 East Crescent Parkway, Suite 400
> Greenwood Village, CO 80111
> Telephone: (303) 290-1600
>
> Gregory R. Clouser
> gclouser@hollandhart.com
> HOLLAND & HART LLP
> 555 17th Street, Ste. 3200
> Denver, CO 80202
> Telephone: (303) 295-8304
>
> **ATTORNEYS FOR DEFENDANT
> FRONTIER AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I certify that on January 12, 2007, I served a copy of the foregoing document to the following by:

☐ U.S. Mail, postage prepaid
☐ Hand Delivery
☒ Electronic Mail
☒ Electronic Filing

Michael S. Krieger, P.C.
Noel & Krieger
165 S. Union Blvd., Suite 555
Lakewood, CO 80229
303-781-5559 telephone
303-781-1349 fax
m.krieger@comcast.net

s/ Kathleen J. O'Riley

3654226_4.DOC

8

## Brian Mumaugh

| | |
|---|---|
| **From:** | m.krieger@comcast.net |
| **Sent:** | Wednesday, January 10, 2007 10:27 PM |
| **To:** | Brian Mumaugh |
| **Subject:** | Re: Releases from Mr. Quick |
| **Attachments:** | Releases from Mr. Quick |

Ed wanted to meet face-to-face last monday nite, but I had to cancel. He may or may not refuse to sign the releases, but, if he does refuse, he may want to appeal the discovery decision to nottingham. Do you have a written order from Hegarty? If not, is it an order or just a guding statement?. I suggest you file your motion, so that we have an order, which either can be enforced or appealed.

I am still in Oregon with my family and will not respond until next Monday.

To answer Parker's question, the deposition for the 24th is confirmed.

mike krieger
Noel & Krieger
165 South Union Blvd. Suite 555
Lakewood, CO 80228-2221
303-781-5559 office, 303-522-2237 cell
303-468-0364 fax to email

**EXHIBIT A**

### TRANSCRIPT OF JANUARY 2, 2007 VOICEMAIL MESSAGE FROM MIKE KRIEGER TO BRIAN MUMAUGH

Hey, hi Brian, it's Mike Krieger.  I wanted to get with you this morning because I was hoping that my client would change his mind over the weekend, you know, new year and all that kind of holiday good will.  He is not willing to sign the releases for the employee records.  Even I'm a little surprised at that but that's the way it goes.  Anyway, I just thought I'd let you know that.  I think we should call the Magistrate and get it taken care of ASAP.  Obviously, there's a -- you're going to want the records soon and probably well before the end of this month so the sooner we do that the better.  I'll cooperate in every respect.  I do have three half-day trials this week which is truly a pain in the rear, but I will try to accommodate you.

303-781-5559

Take care, bye bye


3654983_1.DOC


**EXHIBIT B**

Case No. 1:15-cv-00765-REB-KMT   Document 49-2   filed 12/09/15   USDC Colorado   pg 11 of 18
Case 1:06-cv-01054-EWN-MEH   Document 50-4   Filed 01/12/2007   Page 1 of 1

Page 1 of 1

## Kathleen O'Riley

**From:** Parker Dragovich
**Sent:** Tuesday, January 02, 2007 10:54 AM
**To:** 'm.krieger@comcast.net'
**Cc:** Brian Mumaugh
**Subject:** Quick v. Frontier

Mike,

Thanks for your voicemail to Brian. We agree with your suggestion to call the magistrate about the releases. The federal courts are closed today - when are you available tomorrow for a call? Anytime after 11:00 a.m. should work for us. Thanks, Parker


Parker W. Dragovich

**Holland & Hart LLP**
8390 East Crescent Parkway
Suite 400
Greenwood Village, CO  80111
Telephone:  (303) 290-1615
Facsimile:  (303) 290-1606



**CONFIDENTIALITY NOTICE:** This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

**EXHIBIT C**

| | |
|---|---|
| **From:** | Kim Browning |
| **Sent:** | Wednesday, January 03, 2007 3:15 PM |
| **To:** | 'm.krieger@comcast.net' |
| **Cc:** | Parker Dragovich; Brian Mumaugh; Gregory Clouser |
| **Subject:** | Quick v. Frontier: employment releases |
| **Attachments:** | Frontier/Quick: employment release air la.DOC; Frontier/Quick: employment release air cortez.DOC; Frontier/Quick: employment release air st kitts.DOC; Frontier/Quick: employment release Dolphin Express.DOC; Frontier/Quick: employment release leading edge.DOC; Frontier/Quick: employment release for corners.DOC; Frontier/Quick: employment release west star.DOC; Frontier_Quick_ employment release blank.DOC |

Mike,

Per Parker's message, please find the attached additional releases for Mr. Quick to sign. If you have any questions, please let me know. Thank you!

**Kimberly A. Browning**
**Paralegal**
Holland & Hart LLP
8390 E. Crescent Pkwy., Suite 400
Greenwood Village, CO 80111
Phone: (303) 290-1618
Fax: (303) 975-5380
kabrowning@hollarthart.com


HOLLAND&HART.

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

**EXHIBIT D**

Case No. 1:15-cv-00765-REB-KMT   Document 49-2   filed 12/09/15   USDC Colorado   pg 13 of 18
Case 1:06-cv-01054-EWN-MEH   Document 50-6   Filed 01/12/2007   Page 1 of 2
Page 1 of 2

**From:** Parker Dragovich
**Sent:** Monday, January 08, 2007 2:00 PM
**To:** 'm.krieger@comcast.net'
**Cc:** Brian Mumaugh
**Subject:** RE: Ed Quick Releases

Mike,

Two issues - (1) I am confirming the deposition of Quick's expert for the date we discussed: Wednesday, January 24. I will have a notice sent to you shortly. Also, because of Mr. Keller's scheduling restraints, you agreed to extend the rebuttal expert deadline to ten days following his deposition, making the rebuttal expert deadline now to be Feb. 5.

(2) Employment Releases - We provided releases to Mr. Quick at his deposition on Dec. 28. On Jan. 3, the court agreed the releases must be signed by Mr. Quick, but as of today we have not received anything from you. Our discovery cutoff is Feb. 1, and we need to schedule the remainder of Quick's deposition promptly. That cannot be done until the employment records are obtained. Accordingly, we need the signed releases immediately. If we do not hear back from you or receive the releases before noon tomorrow (Tuesday), we will have no choice but to seek relief from the court. I hope this is unnecessary, and I look forward to hearing from you soon. Thanks, Parker


# Parker W. Dragovich

**Holland & Hart LLP**
8390 East Crescent Parkway
Suite 400
Greenwood Village, CO  80111
Telephone:  (303) 290-1615
Facsimile:  (303) 290-1606


HOLLAND&HART
THE LAW OUT WEST

CONFIDENTIALITY NOTICE: This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.


**From:** Kim Browning
**Sent:** Monday, January 08, 2007 9:01 AM
**To:** 'm.krieger@comcast.net'
**Cc:** Brian Mumaugh; Parker Dragovich; Gregory Clouser
**Subject:** Ed Quick Releases

Mike,

I am sending this to follow-up on my voice mail message that I left for you this morning. I am trying to find out what the status is regarding the signed employment releases. We would really like to receive these today. Please let me know as soon as you can. Thank you for your time.

**EXHIBIT E**

**Kimberly A. Browning**
**Paralegal**
Holland & Hart LLP
8390 E. Crescent Pkwy., Suite 400
Greenwood Village, CO 80111
Phone: (303) 290-1618
Fax:  (303) 975-5380
kabrowning@hollarthart.com



**CONFIDENTIALITY NOTICE:** This message is confidential and may be privileged. If you believe that this email has been sent to you in error, please reply to the sender that you received the message in error; then please delete this e-mail. Thank you.

```
----- Original Message -----
From: Brian Mumaugh
To: m.krieger@comcast.net <m.krieger@comcast.net>
Cc: Parker Dragovich; Kim Browning
Sent: Wed Jan 10 09:46:13 2007
Subject: Releases from Mr. Quick
```

Dear Mike

I was sorry to hear that your Aunt passed away and I understand that you are out of town attending her funeral.  I also was told that you and/or your office will be checking email.  Normally, I would never think of bothering you while you are out for a family matter like this; however, because of the time limits we have rapidly approaching, I am, under the circumstances, respectfully requesting a prompt response from you/your office concerning the releases Mr. Quick has been ordered to sign and provide to us.  Of course, if Mr. Quick had promptly complied with the Court's order of January 3rd that he sign and provide us with the releases, I would not be contacting you.

You will recall that last Wednesday, January 3rd, Magistrate Heagerty ordered Mr. Quick to sign the releases we provided to you/Mr. Quick.  Immediately following Magistrate Krieger's phone status conference with us and his order that Mr. Quick sign the releases, on January 3rd my Paralegal sent you the attached email with the releases for Mr. Quick to sign and return to us.  Ms. Browning, at my direction, also called your office on Friday January 5th to determine the status of the releases.  We did not receive a response to either the January 3rd email or the January 5th phone message.  On Monday January 8th, both Parker Dragovich and Ms. Browning both followed up with email (see attached) and phone requests in the morning and the afternoon to your office about the releases.  Late on Monday January 8th, your office informed us that Mr. Quick had not yet signed the releases and that he was still refusing to do so.  It was also at that time that your office informed us about your Aunt's passing and that you were hoping to meet/talk with Mr. Quick to discuss his refusal to sign the releases.

We are now eight days past when the Court ordered Mr. Quick to sign releases.  The discovery deadlines are rapidly approaching--deadlines that the Court has already extended.  There is no excuse for Mr. Quick to have delayed even this long in providing us with signed releases, already placing us in even tighter time constraints.  Any further delay is not acceptable.

I have no desire to file a motion with the court informing Magistrate Heagerty that Mr. Quick will not comply with his order that he sign the releases; however, if I do not receive the releases by today, or receive assurances from your office that we will have the releases in hand no later than tomorrow morning, we will be forced to seek relief from the court.  As a result of the delay to date, we are already faced with the prospect of seeking an additional extension of the discovery deadlines from the court--something I had not anticipated we would need to do if we had timely received the releases.  I am hopeful that Mr. Quick will comply with the Court's order without any further delay.  I look forward to your prompt response.

Regards,

**EXHIBIT F**

```
Brian Mumaugh

Brian M. Mumaugh
Chair, Labor & Employment Practice
8390 East Crescent Parkway, Suite 400
Greenwood Village, CO  80111
303-290-1067
303-668-4860 (Mobile)
303-290-1606 (Fax)

 <http://www.hollandhart.com/>


CONFIDENTIALITY NOTICE: This message is confidential and may be
privileged. If you believe that this email has been sent to you in
error, please reply to the sender that you received the message in
error; then please delete this e-mail. Thank you.
```

Case No. 1:15-cv-00765-REB-KMT   Document 49-2   filed 12/09/15   USDC Colorado   pg 16 of 18

Case 1:06-cv-01054-EWN-MEH   Document 50-7   Filed 01/12/2007   Page 2 of 2

**EXHIBIT F**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 06-cv-01054-EWN-MEH

EDWARD K. QUICK,

    Plaintiff.

vs.

FRONTIER AIRLINES, INC.

    Defendant.

## ORDER GRANTING MOTION TO COMPEL DISCOVERY

Defendant Frontier Airlines, Inc. ("Frontier"), having moved to compel Plaintiff's production of employment releases, and this Court finding good cause,

IT IS HEREBY ORDERED:

1.    Plaintiff must produce the signed releases authorizing Frontier to obtain employment records from Plaintiff's prior employers within 5 days of this order.

2.    Attorneys' fees and costs associated with the Motion to Compel are awarded. Frontier shall submit for review its reasonable costs and fees associated with its motion.

3.    Defendant's counsel will notify this court within one day of its receipt of the releases.

4.    In a subsequent order, this Court will reset the discovery deadline for 30 days after Defendant's receipt of the releases. The dispositive motion deadline will also be moved accordingly.

1

DATED this ___ day of _____, 2007.

_____
United States District Court

3655341_1.DOC

2