IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–00765–REB–KMT

EDWARD K. QUICK,

    Plaintiff,

v.

FRONTIER AIRLINES, INC., and
MICHELE ZEIER, and individual,

    Defendants.

## ORDER TO SHOW CAUSE

This matter is before the court on "Defendants' Motion to Compel Immediate Compliance with the Court's Discovery Orders, for Rule 37 Sanctions, and for Immediate Status Conference" (Doc. No. 49, filed Dec. 9, 2015).

On October 30, 2015, Defendants filed a "Motion to Compel Discovery of Medical Records and Disability-Related Information" (Doc. No. 30). This court held a hearing regarding the Motion to Compel on November 13, 2015. (Doc. No. 38.) Plaintiff was represented by counsel at the hearing. (*Id.*) This court granted the motion to compel in part and required Plaintiff to provide responses and documents to Defendants on or before November 18, 2015. (*Id.*)

On November 16, 2015, Plaintiff's counsel filed a motion to withdraw, advising he had been discharged by Plaintiff.  (Doc. No. 39.)  The court granted the motion to withdraw on November 17, 2015.  (Doc. No. 41.)  On November 17, 2015, Plaintiff filed, *ex parte*, his psychologist's request for an extension of time to comply with this court's order to provide responses and responsive documents.  (Doc. No. 45.)  This court granted Plaintiff an extension of time to November 30, 2015, to provide responses and responsive documents required pursuant to this court's prior order granting Defendant's Motion to Compel Discovery of Medical Records and Disability Related Information.  (Doc. No. 46 at 2.)  This court also advised Plaintiff he "is required to conform to the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Colorado" and that his failure to comply with Federal Rules of Civil Procedure and this Court's local rules would result in the denial of future motions and may result in sanctions.  (*Id.* at 1–2.)  Plaintiff has failed to comply with this court's orders and to provide any of the discovery ordered pursuant to the motion to compel to Defendants.  (*See* Doc. No. 49.)

Plaintiff bears the responsibility of complying with court orders and prosecuting his case.  Here, by failing to provide the discovery responses, Plaintiff has failed to comply with the court's orders.  Defendants have been prejudiced by Plaintiff's delays.  The discovery cut-off of January 18, 2015, is rapidly approaching.  The deadline to serve additional written discovery is December 18, 2015.  Defendants have not been able to proceed with their previously-noticed and scheduled deposition of Plaintiff on November 20, 2015, because Plaintiff terminated his counsel and then did not produce the discovery by November 18 as originally ordered.  Defendants assert

2

they cannot proceed with Plaintiff's deposition or any potential follow-up written discovery, nor can they assess and develop their key defenses in the case.

The Federal Rules of Civil Procedure give a district court ample tools to deal with recalcitrant litigants.  *See Jones v. Thompson*, 99 F.2d 261, 264 (10th Cir. 1993).  Fed. R. Civ. P. 16(f)(1)(C) and 37(b)(2)(A)(v) and D.C.COLO.LCivR 41.1 enable the court to impose sanctions, including dismissal, when a party fails to obey pretrial orders.  Fed. R. Civ. P. 41(b) and D.C.COLO.LCivR 41.1 also enable the court to dismiss a case when a party fails to prosecute a case.

The Tenth Circuit has recognized that "[a] district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  However, dismissal is a more severe sanction, and generally requires the district court to consider certain criteria.  *AdvantEdge Bus. Group v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009).  In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir.1992), the Tenth Circuit set forth a non-exhaustive list of factors to be considered when evaluating grounds for dismissal of an action with prejudice.  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.' " *Ecclesiastes 9:10-11-*

*12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Based upon the foregoing, Plaintiff is

**ORDERED** to show cause in writing, no later than **December 16, 2015**, why his Complaint should not be dismissed for failure to prosecute his case and failure to comply with court orders.  A **Show Cause Hearing** is set for **December 18, 2015, at 10:00 a.m.**, in Courtroom C-201 of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado.  Plaintiff shall attend the Show Cause Hearing in person.  Plaintiff is warned that failure to respond to this Order to Show Cause or failure to appear in person at the Show Cause Hearing will result in a recommendation that this case be dismissed in its entirety, pursuant to Fed. R. Civ. P. 16(f)(1)(C), 37(b)(2)(A)(v), 41(b), D.C.COLO.LCivR 41.1, and *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992).

Dated this 10th day of December, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge