**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:15-cv-765-REB-KMT

EDWARD K. QUICK,

      Plaintiff,

v.

FRONTIER AIRLINES, INC., and MICHELE ZEIER, an individual,

      Defendants.

**DECLARATION OF INTERESTED PARTIES**

      COME NOW, the Interested Parties of the Law Office of Thomas G. Jarrard, PLLC and Crotty and Son Law Firm, PLLC, through the undersigned, and provide the court with the following Declarations.

      We, Thomas G. Jarrard and Matthew Z. Crotty, pursuant to 28 U.S.C. § 1746, declare as follows:

      We submit to the court, and request that the court not dismiss the complaint as a failure to prosecute or failure to follow the court's order, as it is our combined experience and opinion that:

2

1. Without counsel, Mr. Quick may not possess the skills or experience to promptly and properly respond to the court's order, as evidenced by the docket entries since November 17, 2015;

2. Attorneys who are interested in representing Mr. Quick have contacted our offices about the case since our discharge;

3. This is a USERRA case that should be resolved on the merits; not as dismissal resulting from either the naivety or ignorance of a pro se litigant;

4. We believe a new attorney will soon be entering a notice of appearance on behalf of Mr. Quick;

5. The prejudice suffered by Frontier is slight an easily cured. In practical terms, the appearance of new counsel in the near future with cooperation between the parties' attorneys should quickly cure any prejudice that may actually occur to Frontier in this case;

6. The matter before the court is a singular issue of noncompliance with a discovery order. While this court rightly has broad authority to craft the tools necessary to enforce its orders, Rule 37 is the exclusive mechanism for dismissal of complaint due to singular issue of

noncompliance with order requiring production of discovery.[1]  Dismissal is harshest remedy available to this court, while other lesser mechanisms to enforce its orders exist;

7. A dismissal of the complaint would hinder the interests of Thomas G. Jarrard and Matthew F. Crotty esq., despite their best efforts to protect the interest of our former client.

DATED this December 17, 2015.

/s/ Thomas G. Jarrard
THOMAS G. JARRARD

/s/ Matthew Z. Crotty
MATTHEW Z. CROTTY

---

[1] *See* SOCIETE INTERNATIONALE POUR PARTICIPATIONS v. ROGERS, 357 U.S. 197, 207- 208 (U.S. 1958)

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2015, I have caused to be electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

> William R. Dabney
> HOLLAND & HART LLP
> 555 Seventeenth Street, Suite 3200
> Denver, Colorado 80202
> rdabney@hollandhart.com
>
> Brian M. Mumaugh
> HOLLAND & HART LLP
> 6380 South Fiddlers Green Circle, #500
> Greenwood Village, CO 80111
> bmumaugh@hollandhart.com
>
> Bradford J. Williams
> HOLLAND & HART LLP
> 555 Seventeenth Street, Suite 3200
> Denver, Colorado 80202
> bjwilliams@hollandhart.com

And by certified U.S. Mail to:

> Edward K. Quick
> 16392 East Ida Avenue
> Centennial, CO  80015

> /s/ *Thomas G. Jarrard*
> Law Office of Thomas G. Jarrard, PLLC
> 1020 N. Washington Street
> Spokane, WA 99201