IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

| | | | |
|---|---|---|---|
| Civil Action No: | 15-cv-00765-REB-KMT | Date: | January 6, 2016 |
| Courtroom Deputy: | Sabrina Grimm | FTR: | Courtroom C-201 |

*Parties:*                                                                 *Counsel:*

EDWARD K. QUICK,                                              Brandon Selinsky
                                                                              Joseph Whitcomb

    Plaintiff,

v.

FRONTIER AIRLINES, INC., and                           William Dabney
MICHELE ZEIER, and individual,

    Defendants.

---

## COURTROOM MINUTES

**STATUS CONFERENCE**

**3:28 p.m.    Court in session.**

Court calls case. Appearances of counsel.

Plaintiff, Edward Quick, is also present at today's hearing.

Discussion regarding discovery. Mr. Dabney states a good faith effort has been provided by Plaintiff in complying with the Court's order.

**ORDERED:   The Order to Show Cause [53] is discharged.**

Discussion regarding case scheduling and privileged documents with respect to the medical file.

**ORDERED:   The parties oral motion to extend discovery deadlines is GRANTED IN PART AND DENIED IN PART. The discovery deadline is extended to February 19, 2016.**

**ORDERED:** Based on the joint representation made by counsel at today's hearing, the Court finds good cause has been shown and RECOMMENDS consideration be given to a 90 extension of time with respect to the trial date.

The parties have been advised of their ability to object to the Court's recommendation and both sides indicate they do not intend to object.

**ORDERED:** Plaintiff shall provide specific AEO designations to Defendant, as discussed, on or before January 11, 2016.

**ORDERED:** Within five days of a ruling on the Court's recommendation regarding the trial date, the parties shall contact the Court at 303-335-2780 to set a hearing, as discussed.

**ADVISEMENT TO THE PARTIES:** Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); In re Griego, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for de novo review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar de novo review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  See Vega v. Suthers, 195 F.3d 573, 579–80 (10th Cir. 1999) (stating that a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); One Parcel of Real Prop., 73 F.3d at 1059–60 (stating that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review); Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc., 52 F.3d 901, 904 (10th Cir. 1995) (holding that cross-claimant had waived its right to appeal those portions of the ruling by failing to object to certain portions of the magistrate judge's order); Ayala v. United States, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that plaintiffs waived their right to appeal the magistrate judge's ruling by their failure to file objections). But see Morales-Fernandez v. INS, 418 F.3d 1116, 1122 (10th Cir. 2005) (stating that firm waiver rule does not apply when the interests of justice require review).

**Counsel for both parties has advised the court that they will not file objections to the RECOMMENDATION and that they will waive the 14 day period.**

**4:24 p.m.      Court in recess.**

Hearing concluded.

Total in-court time    00:56

*To obtain a transcript of this proceeding, please contact Stevens-Koenig Reporting at 303-988-8470.