# EXHIBIT 26

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00765-REB-KMT

EDWARD K. QUICK,

Plaintiff,
v.

FRONTIER AIRLINES, INC., and
MICHELE ZEIER, an Individual

Defendants.

---

**DEFENDANT FRONTIER AIRLINES' RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION**

---

**General Objections:** Defendant objects to Plaintiff's Requests for Production to the extent that they seek information protected by the attorney-client privilege and work product privilege. Such information will not be produced. Any inadvertent response covered by such privileges, immunities or discovery limitations does not waive any of Defendant's rights to assert such privileges, immunities or discovery limitations, and Defendant may withdraw from production any such information or documents inadvertently produced as soon as identified.

Defendant has not completed discovery in this matter. Accordingly, documents and information are provided without prejudice to Defendant's right to make further objections and present additional information which are later discovered or which further discovery and investigation may indicate are relevant to this action. Defendant responds to these requests based on present ability and information. It is not presently possible to identify definitively each and every fact, witness and document requested. Responses contained herein are subject to modification and supplementation as further information becomes known during the course of the lawsuit. Further, Defendant reserves the right to introduce evidence at the time of trial based on information and/or documents located, developed or discovered subsequent to the date of these responses.

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 1:** Admit Edward Quick held a position of employment at Frontier from approximately March 15, 2004 to June 18, 2007.

**ANSWER:** Admitted.

Person/s answering: **Michelle Zeier**

Source of information: **Personnel File: Edward Quick**

**REQUEST FOR ADMISSION TO FRONTIER NO. 2:** Admit, on June 18, 2004, Edward Quick gave Frontier notification of a military obligation and a request for military leave that included specific notification to Frontier of his USERRA reemployment rights.

**ANSWER:** **Denied.**

Person/s answering: **Michelle Zeier**

Source of information: **Frontier Airlines has no record of such events on this date.**

**REQUEST FOR ADMISSION TO FRONTIER NO. 3:** Admit, on November 8, 2007, Edward Quick gave Frontier notification of a military obligation and a request for military leave that included specific notification to Frontier of his USERRA reemployment rights.

**ANSWER:** **Despite reasonable inquiry, Defendant lacks information sufficient to form a belief as to the truth of whether it contemporaneously received the notification and request described in RFA No. 3, and therefore can neither admit nor deny it.**

Person/s answering: **Michelle Zeier**

Source of information: **No such notification has been located in the records of Frontier Airlines.**

**REQUEST FOR ADMISSION TO FRONTIER NO. 4:** Admit, on September 23, 2014, Edward Quick communicated by phone and email with Chief Pilot, Joseph Thibodeau and informed Mr. Thibodeau of his intent to return to work.

**ANSWER:** **Defendant objects to RFA No. 4 as misleading and lacking context. Subject to this objection, Defendant admits that Mr. Quick left a voicemail for Chief Pilot Thibodeau on Tuesday, September 23, 2014 informing him of Quick's intent to return to employment at Frontier Airlines but neglecting to state that he could no longer pilot any aircraft, and that Mr. Quick also sent an email to Mr. Thibodeau on that date in which he merely stated "Please let me know when and where you would like me to report on Thursday?" The remainder of RFA No. 4 is denied.**

Person/s answering: **JP Thibodeau**

Source of information: **JP Thibodeau; subject email**

**REQUEST FOR ADMISSIONS TO FRONTIER NO. 5:** Admit, Frontier gave a salary

15

increase to at least one of its employees in 2014.

**ANSWER: Defendant objects to RFA No. 5 as vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, Defendant admits that certain employees received compensation increases effective in 2014 for a wide variety of reasons.**

Person/s answering: **Michelle Zeier**

Source of information: **Michelle Zeier**

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 6:** Admit, Frontier gave a salary increase to at least one of its employees in 2015.

**ANSWER:  Defendant objects to RFA No. 5 as vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, Defendant admits that certain employees received compensation increases effective in 2015 for a wide variety of reasons.**
Person/s answering: **Michelle Zeier**

Source of information: **Michelle Zeier**

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 7:** Admit, Frontier employs a Captain or First Officer in a position of employment that does not require the employee to maintain all certifications required to fly commercial aircraft.

**ANSWER:  Defendant objects to RFA No. 7 as vague and ambiguous as to the unspecified "position of employment" to which it refers, and as irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to this objection, Frontier Airlines admits only that certain management positions in the flight operations and training areas may be occupied by employees who have successfully held positions as Captains or First Officers in the past and who have demonstrated records of credibility and confidence in those positions, and that under those circumstances, such individuals are not in every instance required to maintain all FAA certifications, although all such current employees are eligible to obtain or renew them. The remainder of RFA No. 7 is denied.**

Person/s answering: **Jim Colburn, Director of Operations, Frontier Airlines.**

Source of information:  **Jim Colburn, Director of Operations, Frontier Airlines.**

**REQUEST  FOR  PRODUCTION  TO  FRONTIER  NO. 1:** Please  produce  any documents which support or relate to your answer to the immediately preceding request for admission, or if already produced in prior disclosures identify such documents by bates number.

16

**RESPONSE:** Defendant objects to RFP No. 1 as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to this objection, see job descriptions produced for Director of Operations, Assistant Chief Pilot, Director of Flight Operations Training, Flight Operations Instructor, Ground School Instructor.

**REQUEST FOR ADMISSION TO FRONTIER NO. 8:** Admit, between September 23, 2014 and present Frontier did not offer Edward Quick the opportunity to be reemployed to any paid position, higher or lower in salary or qualification, at Frontier or its affiliated business units.

**ANSWER:** Denied.

Person/s answering: **Michelle Zeier**

Source of information: **Emails from M. Zeier to Edward Quick dated 2/9/15 and 3/6/15; letter from M. Zeier to Quick c/o Thomas Jarrard dated 7/31/15.**

**REQUEST FOR ADMISSION TO FRONTIER NO. 9:** Admit, between September 2014 and present Frontier did not offer Edward Quick the opportunity to train for any full time paid position of employment at Frontier or its affiliated business units.

**ANSWER:** Denied.

Person/s answering: **Michelle Zeier**

Source of information: **Emails from M. Zeier to Edward Quick dated 2/9/15 and 3/6/15; letter from M. Zeier to Quick c/o Thomas Jarrard dated 7/31/15.**

**REQUEST FOR ADMISSION TO FRONTIER NO. 10:** Admit, the human resources professionals at Frontier from September 2014 to present were familiar with the requirements imposed upon employers under the USERRA.

**ANSWER:** Defendant objects to RFA No. 10 as vague and ambiguous regarding the specific "human resources professionals" to which it refers. Subject to this objection, Defendant admits only that those human resource professionals responsible for dealing with issues related to USERRA were generally familiar with its provisions as it related to their individual responsibilities. The remainder of RFA No. 10 is denied.

Person/s answering: **Michelle Zeier**

Source of information: **Michelle Zeier**

**REQUEST FOR ADMISSION TO FRONTIER NO. 11:** Admit, the Frontier managers and directors who had responsibly over the employment decisions at Frontier between September 23, 2014 and present had access to the requirements imposed upon employers under the USERRA, including, but not limited to, posted USERRA workplace notices and Frontier's applicable employment policies or procedures.

**ANSWER:** Defendant objects to RFA No. 11 as vague and ambiguous regarding the specific "requirements imposed upon employers under the USERRA" to which it refers. Subject to this objection, Defendant admits only that those human resource professionals responsible for dealing with issues related to USERRA had access to USERRA information on the dates specified as it related to their individual responsibilities, including workplace notices and applicable employment policies or procedures.

Person/s answering: **Michelle Zeier**

Source of information**: Michelle Zeier**

**REQUEST FOR PRODUCTION TO FRONTIER NO. 2:** Please produce any documents which support or relate to your answer to the immediately preceding request for admission, or if already produced in prior disclosures identify such documents by bates number.

**RESPONSE:** *See* MIL leave policy and posted notices produced.

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 12:** Admit, Edward Quick was qualified to perform work as an employee at Frontier from September 23 through April 13, 2015.

**ANSWER:** Defendant objects to RFA No. 12 as impossibly vague and ambiguous as to the definition of the word "qualified" in this context, and states that it lacks, after reasonable inquiry, information sufficient to form a belief as to the truth of RFA No. 12, and therefore can neither admit nor deny it. As explained at length in numerous communications to Mr. Quick, Frontier has no information about Mr. Quick's alleged "disability" and has no current information from him suggesting what positions he may be "qualified" for or what accommodations he may require, except that apparently he alleges he is not qualified to return to his former position as airline pilot and First Officer due to unspecified disability and resulting inability to hold required FAA medical certifications.

Person/s answering: N/A

Source of information: N/A

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 13:** Admit, Edward Quick was not

terminated for performance.

**ANSWER: Defendant objects to RFA No. 13 as misleading and lacking context. Subject to this objection, Frontier admits only that Mr. Quick was subject to a contractual Training Review Board under the applicable Frontier Airline Pilots Association ("FAPA") collective bargaining agreement prior to the time he left employment on military leave in 2007, and that pursuant to such agreement and proceedings, Mr. Quick was then and remains now subject to dismissal from his position as First Officer for a demonstrated "pattern of training failures" due to repeated failed attempts to qualify as a Captain and other problems with his competency as a pilot demonstrated during various "check ride" exercises, but to date he has not been dismissed for such performance issues.  The remainder of RFA No. 13 is denied.**

Person/s answering: **Jim Colbrun, Director of Operations, Frontier Airlines.**

Source of information:  **Jim Colbrun, Director of Operations, Frontier Airlines; documents and correspondence produced as part of Edward Quick's training file.**

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 14:**  Admit, Edward Quick was not terminated for cause.

**ANSWER: Defendant objects to RFA No. 14 as misleading and lacking context. Subject to this objection, Frontier admits only that Mr. Quick was subject to a contractual Training Review Board under the applicable Frontier Airline Pilots Association ("FAPA") collective bargaining agreement prior to the time he left employment on military leave in 2007, and that pursuant to such agreement and proceedings, Mr. Quick was then and remains now subject to dismissal from his position as First Officer for a demonstrated "pattern of training failures" due to repeated failed attempts to qualify as a Captain and other problems with his competency as a pilot demonstrated during various "check ride" exercises, but to date he has not been dismissed for such cause.  The remainder of RFA No. 14 is denied.**

Person/s answering: **Jim Colburn, Director of Operations, Frontier Airlines.**

Source of information:  **Jim Colburn, Director of Operations, Frontier Airlines; documents and correspondence produced as part of Edward Quick's training file.**

**REQUEST FOR ADMISSIONS TO FRONTIER NO. 15:**  Admit, Frontier had revenue in 2014.

**ANSWER:  Defendant objects to RFA No. 15 as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  The reference to unspecified "revenue" makes it difficult to admit or deny given the variety of different meanings that could be ascribed to that word.  Subject to this**

19

objection, Defendant admits only that it did collect a variety of categories of revenue from customers in 2014.  Any remaining implications of RFA No. 15 are denied.

Person/s answering: **Michelle Zeier**

Source of information:  **Michelle Zeier**

**REQUEST FOR PRODUCTION TO FRONTIER NO.  3:**  Please produce any documents which support or relate to your answer to the immediately preceding request for admission, or if already produced in prior disclosures identify such documents by bates number.

**RESPONSE**:  Defendant objects to RFP No. 3 as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and premature at this stage of the case, since there is no reason to examine Defendant's financial status unless there is some indication the issue of exemplary damages may go to a jury. Moreover, there are many thousands of documents and data referring to "revenue" in Defendant's business, the vast majority of which have no relevance to this matter.  Finally, Defendant will not produce any non-public information related to its financial status absent an appropriate protective order.

**REQUESTS FOR ADMISSIONS TO FRONTIER NO.  16:**  Admit, Frontier had revenue in the first six months of 2015.

**ANSWER:**  Defendant objects to RFA No. 16 as vague, ambiguous, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.  The reference to unspecified "revenue" makes it difficult to admit or deny given the variety of different meanings that could be ascribed to that word.  Subject to this objection, Defendant admits only that it did collect a variety of categories of revenue from customers in 2014.  Any remaining implications of RFA No. 16 are denied.

Person/s answering: **Michelle Zeier**

Source of information:  **Michelle Zeier**

**REQUEST FOR PRODUCTION TO FRONTIER NO.  4:**  Please produce any documents which support or relate to your answer to the immediately preceding request for admission, or if already produced in prior disclosures identify such documents by bates number.

**RESPONSE**:  Defendant objects to RFP No. 4 as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and premature at this stage of the case, since there is no reason to examine Defendant's financial status unless there is some indication the issue of exemplary damages may go to a

**jury. Moreover, there are many thousands of documents and data referring to "revenue" in Defendant's business, the vast majority of which have no relevance to this matter. Finally, Defendant will not produce any non-public information related to its financial status absent an appropriate protective order.**

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 17:** Admit, from September 2014 to present, Frontier maintained a posted notice where employers customarily place notices for employees as required by 38 U.S.C. § 4334.

**ANSWER:  Admitted.**

Person/s answering: **Michelle Zeier**

Source of information:  **Michelle Zeier**

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 18:** Admit, from September 2014 to present, Frontier maintained policies that prohibit unlawful retaliation and discrimination.

**ANSWER:    Admitted.**

Person/s answering: **Michelle Zeier**

Source of information:  **Michelle Zeier**

**REQUEST FOR PRODUCTION TO FRONTIER NO. 5:**  Please produce any documents which support or relate to your answer to the immediately preceding request for admission, or if already produced in prior disclosures identify such documents by bates number.

**RESPONSE**: See Frontier Employee Handbook.

**REQUESTS FOR ADMISSIONS TO FRONTIER NO. 19:**  Admit, since September 2014, Mr. Quick has requested more than once: (1) reemployment; (2) access to his full employment benefits; (3) that contributions be made to his various retirement plans; (4) asserted his rights under USERRA; and (5) informed Frontier that it was violating those rights.

**ANSWER:   Defendant objects to RFA No. 23 and all subparts as vague, ambiguous, misleading and lacking context, as repetitive of prior requests, and as impermissibly compound. Subject to this objection, Ms. Zeier will admit and/or deny as to each (improper) subpart.**

**As to subpart (1), Defendant admits that Mr. Quick made ambiguous requests as to reemployment at Frontier Airlines since September 30, 2014 more than once, and that his requests were intentionally confusing, evasive and incomplete, preventing Frontier from understanding or identifying what position(s) were actually feasible for him given his unknown "disability," his repeated desire for LTD benefits, his incongruous desire to be paid as a Captain, and that despite this lack of information and cooperation, Frontier attempted to identify and did offer at least two positions for him as reemployment positions, as to which he has not responded. The remainder of subpart 1 is denied.**

**As to subpart (2), Defendant admits that since September 30, 2014 Mr. Quick requested access to the employment benefits he was entitled to upon reinstatement under USERRA, and that Frontier Airlines has provided all those benefits to him.**

**As to subpart (3), Defendant admits that since September 30, 2014 Mr. Quick requested that contributions be made to his various retirement plans, and Frontier Airlines has made all such contributions.**

**As to subpart (4), Defendant admits that on more than one occasion Mr. Quick purported to assert his view of certain of his USERRA "rights." The remainder of subpart 4 is denied.**

**As to subpart (5), Defendant admits that Mr. Quick made references to certain of his alleged rights under USERRA that he contended were being violated. The remainder of subpart 5 is denied.**

Person/s answe**ring: Michelle Zeier**

Source of information: **Michelle Zeier; email communications with Edward Quick.**

DATED August 11, 2015.

_____
William R. Dabney
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
Tel.:  (303) 295-8000
wrdabney@hollandhart.com

22

Brian M. Mumaugh
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, #500
Greenwood Village, CO  80111
Telephone:  (303) 290-1600
Facsimile:   (303) 713-6255
bmumaugh@hollandhart.com

Bradford J. Williams
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone:  (303)295-8000
Facsimile:   (720) 223-3271
bjwilliams@hollandhart.com
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 11, 2015, I have caused the foregoing to be electronically served by email, as agreed, to the following e-mail addresses:

Thomas Gregory Jarrard, Esq.
Law Office of Thomas G. Jarrard
1020 North Washington Street
Spokane, WA  99201-2237
tjarrard@att.net

Matthew Zachary Crotty
Crotty & Son, PLLC
421 West Riverside Avenue
Suite 1005
Spokane, WA  99201
matt@crottyandson.com

_____
William R. Dabney
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202

7968440_1