# EXHIBIT 27

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00765-REB-KMT

EDWARD K. QUICK,

Plaintiff,

v.

FRONTIER AIRLINES, INC., and
MICHELE ZEIER, an Individual

Defendants.

---

### DEFENDANT MICHELLE ZEIER'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION

---

**General Objections:**  Defendant objects to the following Requests to Admit relating to email communications as harassing, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. The strategy behind many of the Requests which refer to email communications between Ms. Zeier and Plaintiff is to re-state the content of the emails in a manner that differs from their actual text and that is false and/or incomplete, misleading, and misstates facts. This is a waste of time and effort.  Nothing is gained by this exercise of disingenuously requesting admission to false interpretations and incomplete characterizations.  Moreover, the majority of these allegations have already been responded to in Defendants' Answer, making this discovery exercise doubly wasteful.

Defendant further objects to Plaintiff's Requests for Production to the extent that they seek information protected by the attorney-client privilege and work product privilege.  Such information will not be produced. Any inadvertent response covered by such privileges, immunities or discovery limitations does not waive any of Defendant's rights to assert such privileges, immunities or discovery limitations, and Defendant may withdraw from production any such information or documents inadvertently produced as soon as identified.

Defendant has not completed discovery in this matter.  Accordingly, documents and information are provided without prejudice to Defendant's right to make further objections and present additional information which are later discovered or which further discovery and investigation may indicate are relevant to this action.  Defendant responds to these

1

requests based on present ability and information.  It is not presently possible to identify definitively each and every fact, witness and document requested.  Responses contained herein are subject to modification and supplementation as further information becomes known during the course of the lawsuit.  Further, Defendant reserves the right to introduce evidence at the time of trial based on information and/or documents located, developed or discovered subsequent to the date of these responses.

**REQUEST FOR ADMISSION TO MZ NO. 1:**  Admit, on October 1, 2014, Michelle Zeier emailed Edward Quick stating, in part, that she had received the military documentation that Edward Quick had sent to Chief Pilot, Joseph Thibodeau, requested to schedule a time to discuss questions that she had about the documents as well as Edward Quick's medical status.

**ANSWER:**    Defendant objects to RFA No. 1 as impermissibly compound. Subject to this objection, Defendant admits that on October 1, 2014, Ms. Zeier emailed Mr. Quick, and among other things, stated she had received military paperwork Quick provided to Mr. Thibodeau, and requested to schedule a time to discuss questions Quick had which Mr. Thibodeau was unable to answer as well some "follow-up questions" that she had for Mr. Quick. The remainder of RFA No. 1 is denied.

Person/s answering: **Michelle Zeier**

Source of information: **Subject email**

**REQUEST FOR ADMISSION TO MZ NO. 2:**  Admit, in a meeting on about October 7, 2014, Edward Quick told Michele Zeier about his USERRA rights, asked about his employment and retirement benefits, and requested to know what pay and position he would be returning to in employment at Frontier.

**ANSWER:**  Defendant objects to RFA No. 2 as impermissibly compound. Subject to this objection, Defendant admits that in a meeting on October 7, 2014, Mr. Quick made various statements referring to what he alleged were his USERRA rights, made various statements regarding reemployment including his contention that he should be reinstated as an Airline Captain despite his inability to hold required FAA medical certifications, and made various statements in regard to his retirement benefits.  The remainder of Request No. 2 is denied.

Person/s answering: **Michelle Zeier**

Source of information:  **M. Zeier; Bates# FA00426**

**REQUEST FOR ADMISSION TO MZ NO. 3:**  Admit, on October 15, 2014, Michelle Zeier received an email from Edward Quick that included a military discharge record.

**ANSWER:  Ms. Zeier admits that on October 15, 2014, she received by email from Mr.**

2

Quick a certain Form DD-214  The remainder of RFA No. 3 is denied.

Person/s answering: **Michelle Zeier**

Source of information:  **Subject email and attachment**

**REQUEST FOR ADMISSION TO MZ NO. 4:**  Admit on October 30, 2014, Michelle Zeier and Edward Quick exchanged emails. Michelle Zeier emailed Edward Quick and requested copies of his military orders and Edward Quick emailed his military orders to Michelle Zeier.

**ANSWER:**  **Defendant objects to RFA No. 4 as impermissibly compound. Subject to this objection, Ms. Zeier admits that on October 30, 2014, she requested by email copies of certain military orders from Mr. Quick, and in response Mr. Quick supplied copies of certain orders.  The remainder of RFA No. 4 is denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **Subject emails and attachments**

**REQUEST FOR ADMISSION TO MZ NO. 5:**  Admit, on December 10, 2014, Michelle Zeier received an email from Edward Quick that asked, in part, to, "please let me know my report date to return to work?"

**ANSWER:**  **Defendant objects to RFA No. 5 as misleading and lacking context. Subject to this objection, Ms. Zeier admits that she did receive an email from Mr. Quick on December 10. 2014 making the statement quoted above, and that she responded by email to Mr. Quick the next day stating she was "a little confused" by his email, given that their "prior meeting" concerned Mr. Quick's desire to file for long term disability benefits.  The remainder of RFA No. 5 is denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **Subject emails**

**REQUEST FOR ADMISSION TO MZ NO. 6:**  Admit on December 11, 2014, Michelle Zeier emailed Edward Quick stating that she was confused, and asked if Edward Quick wanted to schedule a meeting to discuss "what you would like to do regarding position/LTD & leave of absence?"

**ANSWER:**   **Defendant objects to RFA No. 6 as misleading and lacking context. Subject to this objection, Defendant admits that she emailed Mr. Quick on December 11, 2014 and stated she was "a little confused by your response given our prior meeting" and asked if he would like to have a "meeting or call to discuss what you would like to do regarding position/LTD & leave of absence?" The remainder of RFA No. 6 is denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **Subject email**

**REQUEST FOR ADMISSION TO MZ NO. 7:**  Admit on Friday, December 12, 2014, Michele Zeier received an email from Edward Quick, stating:

> Hi Michele,
>
> Please give me your earliest report date as I eagerly wait my return to Frontier. We can continue to discuss my pay rate upon my return. I am available as early as this Monday the 15th.
>
> Thanks,
>
> Ed

**ANSWER:**  **Defendant objects to RFA No. 7 as misleading and lacking context. Subject to this objection, Ms. Zeier admits she received an email from Mr. Quick on December 12, 2014 making the statements quoted above, as well as another email on the same date in which Mr. Quick stated, in part, "I am willing to wait if needed for Frontier to give me a start date due to the logistics of my return and the Holidays if needed." The remainder of RFA No. 7 is denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **Subject emails**

**REQUEST FOR ADMISSION TO MZ NO. 8:**  Admit on December 12, 2014, Michele Zeier received an email from Edward Quick stating, in part, that he was ready to return to work.

**ANSWER:**  **Defendant objects to RFA No. 8 as misleading and lacking context. Ms. Zeier admits she received an email from Mr. Quick on December 12, 2014 in which he, in part, made the statements quoted above, as well as the statements quoted in Defendant's response to RFA No. 7.  The remainder of RFA No. 8 is denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **Subject email**

**REQUEST FOR ADMISSION TO MZ NO. 9:**  Admit, on December 23, 2014, Michelle Zeier directed Edward Quick to attend a January 5, 2015, New Hire Orientation.

**ANSWER:**   **Ms. Zeier admits that on December 23, 2014 she requested by email that**

**Mr. Quick attend a "New/Return from extended LOA Employee Orientation" on January 5, 2015.  The remainder of RFA No. 9 is denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **M. Zeier; subject email**

**REQUEST FOR ADMISSION TO MZ NO. 10:**  Admit in [sic] January 5, 2015, Edward Quick was required to attend a New Hire Orientation class unpaid.

**ANSWER:**  Denied.

Person/s answering: **Michelle Zeier**

Source of information: **Michelle Zeier; Paystub produced herewith.**

**REQUEST FOR ADMISSION TO MZ NO. 11:**  Admit, on January 16, 2014, Michele Zeier received an email from Edward Quick asking her to confer, informally, with a Department of Labor Veterans Employment Training Service representative about his USERRA rights and rate of pay upon his return to employment.

**ANSWER:**   **Defendant objects to RFA No. 11 as misleading and lacking context. Ms. Zeier admits she received an email from Mr. Quick on December 12, 2014 in which he made the statements quoted above, and that Ms. Zeier responded that Mr. Quick should contact Frontier's counsel if he wanted to arrange an informal conference with the Department of Labor.  The remainder of RFA No. 11 is denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **M. Zeier; subject email**

**REQUEST FOR ADMISSION TO MZ NO. 12:**  Admit, on January 26, 2014, Michele Zeier received an email from Edward Quick discussing his USERRA rights and his employment status and complaining that he has not been returned to work, and, that "not hearing back from you is troubling…Please respond."

**ANSWER:**   **Defendant objects to RFA No. 12 as impermissibly compound, misleading, and lacking context.  Subject to this objection, Ms. Zeier admits that on January 26, 2014 at 11:51a.m. she received an email in which Mr. Quick inquired about his "status," raised issues about his health benefits reinstatement and his seniority date, asked about his "pay rate" and if Ms. Zeier had "reached out to the DOL," stated that he was "ready to meet without you in regard to my return" and that he purported that "not hearing back from you is troubling." The remainder of RFA No. 12 is denied.**

Person/s answering: **Michelle Zeier**

5

Source of information: **Subject email**

**REQUEST FOR ADMISSION TO MZ NO. 13:** Admit, on January 27, 2014, Michelle Zeier responded to an email from Edward Quick regarding a benefits complaint stating, in part, that Edward Quick was required to provide Frontier with leave of absence documentation by February 2, 2014, and that email contains the email addresses of Jacklyn Peter and Brian Mumaugh.

**ANSWER:** **Defendant objects to RFA No. 13 as impermissibly compound, misleading, and lacking context. Subject to this objection, Ms. Zeier admits that she sent an email to Mr. Quick on January 27, 2015 which responded to prior emails and discussions with him regarding whether he wanted to apply for LTD benefits and if so reiterating that if he wanted a leave of absence to cover the LTD benefit waiting period he needed to submit the applicable paperwork by February 2nd, and that email addresses for Mr. Mumaugh and Ms. Peter were inadvertently appended to the bottom of such email. The remainder of RFA No. 13 is denied.**

Person/s answering: **Michelle Zeier**

Source of information: **Subject email**

**REQUEST FOR ADMISSION TO MZ NO. 14:** Admit, on January 27, 2014, Michele Zeier receive and email from Edward Quick stating, in part:

> […] USERRA requires that returning service members are:
>
> 1. Reinstated promptly (Normally within two weeks)
>
> 2. Medical starts on the day of Reinstatement (All Medical)
>
> 3. The retuning service member will be returned at the same rate of pay and escalator will be applied for the returning veteran.
>
> 4. USERRA trumps any and all contracts because it is a floor not the ceiling as set out by Federal Law not State Law and the CBA.
>
>    I do not wish to ask the Union (FAPA) to file an interpretation on my behalf because they are part of the problem.

Please let me know if the Company wishes to talk with DOL informally before I file a formal complaint.

6

**ANSWER:**   Defendant objects to RFA No. 14 as impermissibly compound, misleading, and lacking context. Subject to this objection, Ms. Zeier admits that she received an email from Mr. Quick on January 27, 2015 which stated, in part, the information quoted above, and that she responded to this email by reiterating that Frontier Airlines had "followed all of the employer requirements under USERRA to complete your return" but that Mr. Quick had not provided the paperwork required in regard to his requests for LTD and leave of absence. The remainder of RFA No. 14 is denied.

Person/s answering: **Michelle Zeier**

Source of information:  **M. Zeier; subject emails**

**REQUEST FOR ADMISSION TO MZ NO. 15:**  Admit, on January 29, 2015, Michelle Zeier sent Edward Quick an email that contained a corrected phone number for attorney Brian Mumaugh.

**ANSWER:**  Admitted. Such email was in response to Mr. Quick's request regarding involving the US Department of Labor in his reemployment issues.

Person/s answering: **Michelle Zeier**

Source of information: **M. Zeier; subject emails**

**REQUEST FOR ADMISSION TO MZ NO. 16:**  Admit, on January 30, 2015, Michele Zeier received an email from Edward Quick that requested a copy of the company Short and Long Disability Plans so he could review them, and he inquired what position of employment Frontier had for him.

**ANSWER:**   Defendant objects to RFA No. 16 as impermissibly compound, misleading, and lacking context. Subject to this objection, Ms. Zeier admits receiving an email from Mr. Quick on January 30, 2015 stating, in relevant part,  "I would like to get a copy of the Short and Long Disability Plans for my review. In the mean time I am ready to return to work with my Disability and would like to know what position you have for me?" The remainder of RFA 16 is denied.

Person/s answering: **Michelle Zeier**

Source of information: **Subject email**

**REQUEST FOR ADMISSION TO MZ NO. 17:**  Admit, on February 9, 2015, Michele Zeier sent an email to Edward Quick, which begins,

> "In further considering the issues related to your requested reemployment with Frontier Airlines […]"

7

**ANSWER:**  Defendant objects to RFA No. 17 as impermissibly compound, misleading, and lacking context. Subject to this objection, Ms. Zeier admits sending a long email to Mr. Quick on February 9, 2015 in which she made the initial statement quoted above, and proceeded to outline all of Mr. Quick's prior communications that were inconsistent, as well as requesting Mr. Quick's cooperation regarding his reemployment. The remainder of RFA 17 is denied.

Person/s answering: **Michelle Zeier**

Source of information: **Subject email**

**REQUEST FOR PRODUCTION TO MZ NO. 1:**  Please produce any documents which support or relate to your answer to the immediately preceding request for admission, including, but not limited to all communications Michele Zeier had with other persons related to the content of the February 9, 2015 email, or if already produced in prior disclosures identify such documents by bates number.

**RESPONSE:**  Defendant objects to RFP No. 1 as vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and as invasive of the attorney work product and attorney client privileges.

**REQUEST FOR ADMISSION TO MZ NO. 18:**  Admit, on February 9, 2015, Michele Zeier received an email from Edward Quick that contained a copy of his orders, stated that a claim of "provisional reemployment" to an unpaid position was a fiction and violated USERRA, that he has been waiting, unpaid, for five months to be reemployed, outlined reemployment steps required by USERRA, requested copies of his employee benefits plan documents and retirement plan documents and that required contributions be calculated and made to his retirement plans.

**ANSWER:**  Denied.

Person/s answering: **Michelle Zeier**

Source of information: **Michelle. Zeier**

**REQUEST FOR ADMISSION TO MZ NO. 19:**  Admit, from September 30, 2014 to April 13, 2015, Michele Zeier had control over the employment opportunities of Edward Quick.

**ANSWER:**  Ms. Zeier denies that she had or has "control over the employment opportunities" of Edward Quick under the meaning of that language in 38 USC §§ 4304 (4)(A) and (4)(A)(i). Any remaining implications of RFA No. 19 are also denied.

Person/s answering: **Michelle Zeier**

8

Source of information: **Michelle Zeier**

**REQUEST FOR ADMISSION TO MZ NO. 20:**  Admit, from September 30, 2014 to April 13, 2015, Michele Zeier was a supervisor.

**ANSWER:**  **Defendant objects to RFA No. 20 as vague and ambiguous because the generic word "supervisor" is undefined and subject to multiple interpretations. Subject to this objection, Ms. Zeier admits that she has supervisory authority over a limited number of human resource employees, but denies any supervisory authority over Mr. Quick or any other employees at Frontier Airlines. Any remaining implications of RFA No. 20 are denied.**

Person/s answering: **Michelle Zeier**

Source of information: **Michelle Zeier**

**REQUEST FOR ADMISSION TO MZ NO. 21:**  Admit, from September 30, 2014 to April 13, 2015, Michele Zeier was a person to whom Frontier delegated the performance of employment related responsibilities.

**ANSWER:**  **Defendant objects to RFA No. 21 as vague and ambiguous because the generic words "delegated the performance of employment related responsibilities" are undefined and subject to multiple interpretations.  Subject to this objection, Ms. Zeier admits that she has been "delegated the performance employment related responsibilities" at Frontier Airlines as that term may be applied in 38 USC § 4304 (4)(A)(i), but denies that she is an "employer" under 38 USC § 4304 (4)(A).  Any remaining implications of RFA No. 21 are denied.**

Person/s answering: **Michelle Zeier**

Source of information:  **Michelle Zeier**

**REQUEST FOR ADMISSION TO MZ NO. 22:**  Admit, from September 30, 2014 to April 13, 2015, Michele Zeier had authority to recommend the hiring or firing of an employee at Frontier.

**ANSWER:**  **Defendant objects to RFA No. 22 as vague and ambiguous because the generic words "authority to recommend" and the reference to "an employee at Frontier" lack specifics, are undefined, and are subject to multiple interpretations. Subject to this objection, Ms. Zeier admits that in her human resources role one of her functions is to provide input and/or recommendations into certain employment decisions such as hiring or terminations, depending on the circumstances and the employees involved  The remainder of RFA No. 22 is denied.**

Person/s answering: **Michelle Zeier**

Source of information: **Michelle Zeier**

**REQUEST FOR ADMISSION TO MZ NO. 23:** Admit, since September 30, 2014, Edward Quick made more than one request to Michele Zeier for: (1) reemployment; (2) access to his full employment benefits; (3) that contributions be made to his various retirement plans; (4) asserted rights under USERRA; and (5) informed Michelle Zeier that Frontier was violating those rights.

**ANSWER:  Defendant objects to RFA No. 23 as misleading and lacking context, and as impermissibly compound in that the inclusion of at least five subparts in this Request (along with other impermissibly compound requests above) causes the total number of Requests for Admission to this Defendant to exceed the 25 allowed by the Scheduling Order herein.  Subject to this objection, Ms. Zeier will admit and/or deny as to subparts (1) through (3), above, and refuse response to all Requests that follow as beyond the permitted limit of 25.**

**As to subpart (1), Ms. Zeier admits that Mr. Quick made ambiguous requests as to reemployment at Frontier Airlines since September 30, 2014 more than once, and that his requests were intentionally confusing, evasive and incomplete, preventing Frontier from understanding or identifying what position(s) were actually feasible for him given his unknown "disability," his repeated desire for LTD benefits, his incongruous desire to be paid as a Captain, and that despite this lack of information and cooperation, Frontier attempted to identify and did offer at least two positions for him as reemployment positions, as to which Mr. Quick has not responded. The remainder of subpart 1 is denied.**

**As to subpart (2), Ms. Zeier admits that since September 30, 2014 Mr. Quick requested access to the employment benefits he was entitled to upon reinstatement under USERRA, and that Frontier Airlines has provided all those benefits to him.**

**As to subpart (3), Ms. Zeier admits that since September 30, 2014 Mr. Quick requested that contributions be made to his various retirement plans, and Frontier Airlines has made all such contributions.**

Person/s answe**ring: Michelle Zeier**

Source of information: **Michelle Zeier; email communications with Edward Quick.**

**REQUEST FOR ADMISSION TO MZ NO. 24:** Admit, between September 30, 2014 and April 13, 2015, Michele Zeier had access to the requirements imposed upon employers under the USERRA, including, but not limited to, posted USERRA workplace notices and Frontier's applicable employment policies or procedures.

**ANSWER:  Defendant objects to the RFA numbered above as "24" as beyond the permissible number of Requests for Admission to this Defendant.  See objection to the RFA numbered "23", above.**

10

Person/s answering:  N/A

Source of information: N/A

**REQUEST FOR PRODUCTION TO MZ NO. 2:**  Please produce any documents which support or relate to your answer to the immediately preceding request for admission, or if already produced in prior disclosures identify such documents by bates number.

**RESPONSE:**  Defendant objects to RFP No. 2 as relating to a Request for Admission that was objected to as exceeding the permissible number of Requests for Admission.

DATED this 11th day of August, 2015.

_____
William R. Dabney
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO  80202
Tel.:  (303) 295-8000
wrdabney@hollandhart.com

Brian M. Mumaugh
HOLLAND & HART LLP
6380 South Fiddlers Green Circle, #500
Greenwood Village, CO  80111
Telephone:  (303) 290-1600
Facsimile:   (303) 713-6255
bmumaugh@hollandhart.com

Bradford J. Williams
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202
Telephone:  (303)295-8000
Facsimile:   (720) 223-3271
bjwilliams@hollandhart.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 11, 2015, I have caused the foregoing to be electronically served by email, as agreed, to the following e-mail addresses:

Thomas Gregory Jarrard, Esq.
Law Office of Thomas G. Jarrard
1020 North Washington Street
Spokane, WA  99201-2237
tjarrard@att.net

Matthew Zachary Crotty
Crotty & Son, PLLC
421 West Riverside Avenue
Suite 1005
Spokane, WA  99201
matt@crottyandson.com

_____
William R. Dabney
HOLLAND & HART LLP
555 Seventeenth Street, Suite 3200
Denver, Colorado  80202

7961592_1